UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JUDY BONN-WITTINGHAM,
MELVA JONES,
GERMITA FREMONT,
MAISIE BECKFORD,
LENA BARTON,
DULCIE JONES,                                             CIVIL ACTION NO. **16CV0541**
UNICA GEORGE,                                                    (ARR)(JO)
GRETA KEISER,
ENID LEWIS,
MARIE PAULA EUGENE,
GLORIA BENT,
GRACE YARDE,
LINDA HENDERSON,                                          **FIRST AMENDED**
VESTA DOUGLAS,                                            **COLLECTIVE AND CLASS**
EVELYN CIMA,                                              **ACTION COMPLAINT**
MERLE HOYTE,
OCTAVIA CRICK,
ALBERTINA THOMAS,
UNICEY DESHEILDS,
SUZY DORCE,
IMMACULA AUGUSTE,
MARY P. EUGENE,
ALBERTHA FENELON,
PARBATI SINGH,
VERNA RICKETTS,
GILLIAN BOWEN,
FARIL BEST,
CORNELIOUS GREEN,
MARGARET YOUNGE,
GLADYS ENRIQUEZ,
OLIVE DUTCHIN,
MIGNAN BARRY,
SHERAN JAMES,
DEBBIE ANN BROWN,
PAULINE GRANT,
CATHERINE JESSAMY,
BEVERLY CALDWELL,
IRMA ANDERSON,
MARIE AFREH,
SHIRLEY EDWARDS,
OMODELE JOHNSON,
THEMA JAMES,
ADALSIE HOUSTON,

ROSEANNE CRANDON,
CECILIA BEST,
MARTHA GROVES,
LAUNA JONES,
ANGELA ARMSTONG,
IONIE SENIOR,
YOLANDE JEAN-BART,
MORINE WRIGHT,
YVONNE LEWIS,
ANITA LUBIN,
ELAINE CLARKE,
MARIE FLEURIMONT,
MARGARET COTTERELL,
MARIE YANICK JOSEPH,
ELLA POMPEY,
MYRNA THOMAS,
MARIE-L GILLES,
EUNICE STAFFORD,
MARIE MILORD,
MARIE D. PIERRE,
MERLE LOPEZ,
BEVERLENE GRANT,
ELAINE TAYLOR,
LINNETT WILLIAMS,
ROXANNE CAMBRIDGE,
KATHLENE MORGAN,
SAWARIE RAMLOCHAN,
ANNE MARIE MORGAN,
LEONIE HUSSETT,
LINETTE CORNWALL,
FAY MCKENZIE,
MARIE DORSAINVILLE,
CARMEL ANDERSON,
YOLANDA GAYLE,
PAULINE CLARKE,
ALVIRA HENRY,
JOAN LEACOCK,
LYNETTE VYENT,
MARIE MONPREMIER,
SYLVIA HOYTE,
UNA SEALE,
LUCY INEUS,
LORENTE SIMEON,
PEARLINE DONALDSON-REID,

BETTYANNE ALEXANDER,
OLGA CADET,
CARMEN POWNALL,
JUDY TAYLOR,
LYNETTE A. WILLIAMS,
FLORENCE CUVILLY,
JEANETTE BRICE,
CAROLINE LONG,
MARJORIE JOHNSON,
GERDA ANTOINE,
DORETTA THOMAS,
WALTERINE LEVIUS,
VELDA MAYERS,
ELIZA HAMILTON,
YVONNE MACK,
ISOLYN PALMER,
VANETTA GRANT,
PATRICIA COSMAS,
DONNA HEADLEY,
CLAUDETTE GRIMES,
SEORAJNI PERSAUD,
NEELA WARDEN,
EILEEN TUCKER,
ANNETTE DAVIS,
CARMEN PELZER,
ANN SABAL,
JACQUELINE ELLIS,
JOAN MARAGH,
SYLVIA PETERS,
JUILETTE HAMILTON,
MARIE LAGUERRE,
TANISHA GOODEN,
IMMACULA DORISMOND,
ELSIE COLLINS,
BEVERLY ROYAL MCPHERSON,
AUDREY CROSDALE,
MARIYA SUDNISHNIKOVA,
WALENTINA RUSZCZYK,
HODA HASSANE,
HUGUETTE NELSON,
SANDRA MCINTOSH,
YVELINE M. BEAUCHAMP,
JULIETH MELBOURNE,

ADELINE JERMAIN,
GISLAINE JOCELYN,
MIROSLAWA BARTOLD,
MARINA KISINA,
MARINA BESSARABOVA,
MARTHE LATOUR,
JEANINE ELIE,
MARIE LONGUEFOSSE,
YPPOLIA DECOPAIN,
LUDMILLA ARMONAVICA,
ESTHER LOPEZ,
JANINA WERYNSKA,
CONSESORA LIRIANO,
MARIANELA SORIANO,
DIGNA GARCIA,
PAULA GARCIA,
MERCEDES GARCIA,
LIDIYA BERDNKOVA,
KRYSTYNA BUNKOWSKA,
VITOLD STANKEVICH,
ZOIA STANKEVICH,
ANATALIE JEAN,
RAMONA JAVIER,
ANA M. GOMEZ,
CANDIDA PAREDES,
MARIE GRAND-PIERRE,
ALMA ARIZA,
CRYSTAL EDWARDS,
PRISCILLA JENKINS,
TERESA RUDNICKI,
BARBARA ROSLANIEC,
JEMMA LEWIS,
SOPHI BUNBURY,
CARMEN TORIBIO,
DANUTA MALMON,
NELI KORINTELI,
ASYA CHERNINA,
DAISY CASTILLO,
JOSEFINA ARIAS,
MARIE PLAISIR,
EUGENEA GORBACHEVA,
FARA CHACAN,

Plaintiffs,
on behalf of themselves and all others similarly situated,

-against-

PROJECT O.H.R. (OFFICE FOR HOMECARE REFERRAL), INC.,
METROPOLITAN NEW YORK COORDINATING COUNCIL ON JEWISH POVERTY,
D'VORAH KOHN,

Defendants.
--------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiffs, on behalf of themselves and all others similarly situated, as and for an amended collective and class action complaint against Defendants, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this collective and class action on behalf of similarly situated home attendant and/or home health aides (the "Collective or Class Members"), to seek redress for systematic underpayment of minimum and overtime wages against Defendants, who are providers of home health care for the elderly and infirm who qualify for government assistance in and around the City of New York and its metropolitan area.

2. Defendants, by failing to pay Plaintiffs, the Collective and Class Members the federal and state mandated minimum wage rate for work performed and failing to pay the federally and state mandated overtime, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq*.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former home attendants and/or home health aides of Defendants who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of the FLSA which deprived Plaintiffs and others similarly situated of their lawful minimum and overtime wages.

4. Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former home attendants and/or home health aides of Defendants, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, for unpaid minimum and overtime wages pursuant to NYLL §§ 650 *et seq* and implementing regulations.

5. Plaintiffs also bring New York common law claims of breach of contract pursuant to an intended third-party beneficiary theory of recovery on Defendants OHR's and Met's agreements with New York City and/or New York state.

6. Plaintiffs hereby seek legal and declaratory relief against Defendants pursuant to federal and New York statutes and common law.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) as Plaintiffs labored for Defendants largely in Brooklyn, Queens and Staten Island and numerous Plaintiffs and Defendant Kohn reside in this judicial district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10. Plaintiffs are adult individuals who, at all times relevant to this Complaint, have been residents of the state and City of New York and surrounding areas.

11. At all times relevant to this Complaint, Plaintiffs were employees of Defendants within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

12. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA and NYLL.

13. Defendant Project O.H.R. (Office for Homecare Referral), Inc. ("OHR") is a domestic not for profit corporation doing business within the City of and State of New York that maintains its principal place of business at c/o Metropolitan New York Coordinating Council on Jewish Poverty, 120 Broadway, 7th Floor, New York, NY 10271-0015. OHR provided home care services to elderly and/or frail individuals throughout metropolitan New York City and surrounding areas until on or about May 1, 2015.

14. Defendant Metropolitan New York Coordinating Council on Jewish Poverty ("Met") is a domestic not for profit corporation doing business within the City of and State of New York that maintains its principal place of business at 120 Broadway, 7th Floor, New York, NY 10271-0015. Met provided home care services to elderly and/or frail individuals throughout metropolitan New York City area and surrounding areas until on or about May 1, 2015.

15. Defendant D'Vorah Kohn is a natural person, resident of Brooklyn, Executive Director of Defendant OHR and a principal of Defendant Met, who at all times oversaw Defendants OHR's and Met's operations, and had and exercised the right to control the performance and evaluation of Plaintiffs' work and set schedules, wage rates and other terms and conditions of Plaintiffs' employment, including the imposition of employee discipline.

16. Defendants, jointly or severally, were at all times herein relevant one or more enterprises engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 and Plaintiffs and others worked for Defendants in interstate commerce using the mails and wires, *inter alia*.

17. Defendants OHR and Met at all times herein relevant shared corporate resources, assets, liabilities, funds, bank accounts, office space, facilities, equipment, contracts, officers, directors, employees and contractors

## STATEMENT OF FACTS

18. Defendants at all relevant times herein employed Plaintiffs as home attendants and/or home health aides to work in and around New York City providing personal home health care and assistance to Defendants' disabled and elderly clients.

19. Plaintiffs worked for Defendants at various times between June 2009 and May 2015 in the residences of Defendants' clients throughout the metropolitan area. Plaintiffs at all times maintained their own separate residences at which they lived.

20. The job duties of Plaintiffs and the others included, but were not limited to the following: personal care services, such as assistance with walking, bathing, dressing, personal grooming, meal preparation, feeding and toileting; heavy and light cleaning, such as vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms, doing laundry and taking out garbage; shopping; running errands; escorting clients; and taking care of household pets.

21. While employed by Defendants, Plaintiffs and the others regularly spent 25% or more of their time performing general household work. This included, as described above, heavy cleaning tasks such as vacuuming, mopping, dusting, cleaning windows, appliance cleaning, cleaning bathrooms and taking out garbage.

22. Further, as certified personnel, Plaintiffs were trained personnel providing medically related services as defined in 29 C.F.R. § 552.6. As such, neither Plaintiffs nor the others were exempt from coverage under the "companionship" exemptions to the FLSA, 29 U.S.C. § 213(a)(15) or NYLL § 651.

23. Defendants had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of Plaintiffs and the others. Plaintiffs and the others were paid on a W-2 basis and evaluated by Defendants.

24. At all relevant times, Defendants failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

25. Plaintiffs and the others worked eight (8), twelve (12) or twenty-four (24) hour shifts for Defendants and at all times herein relevant Defendants required Plaintiffs to attend to and monitor their assigned clients throughout the duration of their respective work shifts; and controlled the manner in which Plaintiffs did so in terms of frequency, priority and documentation, *inter alia*.

26. Defendants at all times monitored Plaintiffs' and the others' compliance with Defendants' guidelines, procedures and policies to ensure compliance therewith in the discharge of Plaintiffs' job duties.

27. While working 24-hour shifts, Defendants required Plaintiffs to stay overnight at the residences of Defendants' clients and monitor and attend to them throughout the shift. These shifts were known as "live in" or "sleep in."

28. While employed by Defendants, Plaintiffs and the others regularly worked between 48 to 120 hours per week and on occasion more, on information and belief. During said time, Defendants prohibited Plaintiffs from leaving the assigned client(s).

29. Defendants paid home attendants and/or home health aides who worked regular hourly or split shifts $10/hour for weekdays and $11.25/hour for weekends.

30. Defendants paid home attendants and/or home health aides who worked sleep-in shifts the equivalent of twelve (12) hours at the regular hourly rate plus a single "per diem" payment of $16.95, or $136.95 for a weekday sleep-in shift and $157.95 for a weekend sleep-in shift.

31. At the beginning and end of each of Plaintiffs' work shifts, Defendants required them to place a telephone call to the latter's automated time keeping system to record their hours. Defendants at all times did not pay Plaintiffs for all recorded time and/or hours worked.

32. Defendants at all times herein relevant failed to make and keep contemporaneous records of all of Plaintiffs' work hours, including but not limited to alleged sleep and meal periods, in violation of 29 U.S.C. § 211(c) and Labor Law § 196-a.

33. Throughout their respective tenures, Plaintiff rarely if ever received uninterrupted, continuous and completely relieved of duty sleeping and meal periods because they assisted, monitored, rotated, toileted and responded to their assigned clients throughout their shifts, including during alleged sleeping and meal periods.

34. At all relevant times, when Plaintiffs worked sleep-in shifts, Defendants automatically deducted from Plaintiffs' wages eight (8) hours per day for alleged sleep time and three (3) hours per day for alleged meal periods, without regard to whether Plaintiffs in fact worked through said time periods.

35. At all relevant times, Defendants often paid Plaintiffs at rates well below the minimum wage, in violation of the FLSA and NYLL.

36. At all relevant times, Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) per week, in violation of the overtime provisions of the FLSA and NYLL.

37. Defendants' recordkeeping practices violated the FLSA and NYLL and the burden should shift to Defendants to prove they paid fully all home attendants and/or home health aides the minimum wage and overtime.

38. As part of their regular business practice, Defendants intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL including but not limited to:

A. Failing to pay Plaintiffs and the others the minimum wage for all hours worked in each discrete work week; and

B. Failing to pay Plaintiffs and the others one and one half times their regular rates of pay (or minimum wage) for all hours worked in excess of forty (40) per week.

39. Upon information and belief, Defendants' unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

40. Defendants' unlawful conduct has been widespread, repeated and consistent even after litigation on the exact same issue; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

41. At all times herein relevant since 2009, Defendants OHR and Met contracted with the New York City Human Resources Administration ("NYCHRA") and/or state of New York to provide homecare services for compensation to certain eligible persons, *inter alia*.

42. Defendants employed Plaintiffs and Plaintiffs worked for Defendants pursuant to said contract(s) throughout their respective tenures.

43. Said contract(s) between NYCHRA and Defendants OHR and Met required Defendants OHR and Met to pay Plaintiffs NYC prevailing wages for all hours worked on the contract(s) pursuant to NYC Administrative Code § 6-109.

44. At all times herein relevant, Defendants OHR and Met failed to pay NYC prevailing wages to Plaintiffs for all hours worked under the contract(s).

45. Plaintiffs were intended third party beneficiaries of said contract(s), and have been damaged by Defendants OHR's and Met's actions in an amount to be determined at trial.

46. Throughout their respective tenures, Defendants failed to provide Plaintiffs with annual notices of pay rates.

47. Throughout their respective tenures, Defendants provided Plaintiffs with pay statements with each payment of wages that did not include the number of hours actually worked, hourly and overtime pay rates and Defendants' actual and 'doing business as' name(s), *inter alia*.

## COLLECTIVE & CLASS ALLEGATIONS

48. Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who worked for Defendants as home attendants and/or home health aides, and who worked twenty-four (24) hour shifts, or greater than forty (40) hours per week, at any time since October 2012 ("FLSA Collective").

49. Defendants are liable under the FLSA for failing to properly pay the minimum wage for all hours worked and overtime wages for all hours worked greater than forty (40) per week. As such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

50. Plaintiffs bring NYLL claims on their own behalves and on behalf of a class of similarly situated persons under Rule 23 of the FRCP consisting of all employees who worked as home attendants and/or home health aides for Defendants, and who worked twenty-four (24) hour shifts, or greater than forty (40) hours per week ("Rule 23 Class"), at any time since October 2009 (the "Class Period"), at which time Defendants ceased their homecare operations.

51. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs, and calculation of such number would require facts in the sole control of Defendants, upon information and belief, Defendants had over 1,600 employees at any particular time during the Class Period.

52. The claims of the Plaintiffs are typical to the claims of the Rule 23 Class.

53. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

55. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimus,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

56. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' policies, practices and procedures.

57. Defendants have acted on grounds generally applicable to the FLSA Collective and Rule 23 Class, thereby making declaratory relief appropriate for the class.

58. There are questions of law and fact common to the collective and class which predominate over any questions solely affecting individual members of the class, including:

A. Whether Defendants failed to pay Plaintiffs, the FLSA Collective and the Rule 23 Class the minimum wage for each hour of work that Defendants required and permitted them to perform;

B. Whether Defendants failed to pay Plaintiffs, the FLSA Collective and Rule 23 Class overtime wages at a wage rate of one and one-half times their regular rates of pay (or minimum wage); and

C. Whether Plaintiffs, the FLSA Collective and the Rule 23 Class were exempt as "companions" under the FLSA, 29 U.S.C. § 213(a)(15) and/or NYLL § 651.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, davidwims@hotmail.com, http://www.wimslaw.com.

## FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE (29 U.S.C. §§ 206, 216)

**(On Behalf of Plaintiffs and Collective Members)(Against Defendants jointly & severally)**

59. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

60. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

61. Each named Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

62. At all times relevant to this action, Plaintiffs and the Collective Members were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

63. At all times relevant to this action, Plaintiffs and the Collective Members were engaged in commerce and Defendants were one or more enterprises engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. Defendants violated the rights of Plaintiffs and the Collective Members by failing to pay them the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C. § 206(a)(1).

65. Defendants' failure to pay Plaintiffs and the Collective Members the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

66. Defendants are liable to Plaintiffs and the Collective Members who opt in to this action for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION: FLSA OVERTIME (29 U.S.C. §§ 207, 216)**

**(On Behalf of Plaintiffs and Collective Members)(Against Defendants jointly & severally)**

67. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

68. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

69. Each named Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

70. At all times relevant to this action, Plaintiffs and the Collective Members were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

71. At all times relevant to this action, Plaintiffs and the Collective Members were engaged in commerce and Defendants were one or more enterprises engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72. Defendants violated the rights of Plaintiffs and the Collective Members by failing to pay overtime compensation at a rate not less than one and one-half times the regular rates of pay for each hour worked in excess of forty (40) per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

73. Defendants' failure to pay Plaintiffs and the Collective Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

74. Defendants are liable to Plaintiffs and the Collective Members who opt in to this action for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION: NY MINIMUM WAGE** (Labor Law §§ 652, 663)

**(On Behalf of Plaintiffs and all Class Members)(Against Defendants jointly & severally)**

75. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

76. At all times relevant to this action, Plaintiffs and the Class Members were Defendants' employees within the meaning of NYLL § 651(5).

77. At all times relevant to this action, Defendants were the employers of Plaintiffs and the Class Members within the meaning of NYLL § 651(6).

78. At all times relevant to this action, Defendants failed to pay Plaintiffs and the Class Members the minimum wage for all hours worked in violation of NYLL § 652 and 12 N.Y.C.R.R. §§ 142-3.1 and 3.4.

79. Defendants willfully violated the rights of Plaintiffs and the Class Members by failing to pay them wages due and owing for work performed in violation of NYLL.

80. Due to Defendants' NYLL violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**FOURTH CAUSE OF ACTION: NY OVERTIME WAGES** (Labor Law §§ 652, 663)

**(On Behalf of Plaintiffs and all Class Members)(Against Defendants jointly & severally)**

81. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

82. At all times relevant to this action, Plaintiffs and the Class Members were Defendants' employees within the meaning of NYLL § 651(5).

83. At all times relevant to this action, Defendants were the employers of Plaintiffs and the Class Members within the meaning of NYLL § 651(6).

84. At all times relevant to this action, Defendants failed to pay Plaintiffs and the Class Members overtime wages for all hours worked greater than forty (40) per week in violation of NYLL § 652 and 12 N.Y.C.R.R. §§ 142-3.2.

85. Defendants willfully violated the rights of Plaintiffs and the Class Members by failing to pay overtime wages due and owing for work performed in violation of NYLL.

86. Due to Defendants' NYLL violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**FIFTH CAUSE OF ACTION: BREACH OF CONTRACT (intended 3rd party beneficiary) (On Behalf of Named Plaintiffs Only)(Against Defendants OHR & Met only)**
87. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

88. At all times relevant to this action, Defendants OHR and Met were contractually required to pay Plaintiffs NYC prevailing wages pursuant to its contract(s) with NYC and/or NYS and NYC Administrative Code § 6-109.

89. At all times relevant to this action, Plaintiffs were the intended third-party beneficiaries of said contract and performed services and/or labor in for Defendants pursuant thereto.

90. At all times relevant to this action, Defendants failed to pay Plaintiffs NYC prevailing wages pursuant to NYC Administrative Code § 6-109.

91. Defendants willfully violated the rights of Plaintiffs by the aforementioned course of action.

92. Due to Defendants' failure to pay the same, Plaintiffs have been damages in an amount to be proven at trial and are entitled to full relief.

**SIXTH CAUSE OF ACTION: NY WAGE THEFT** (Labor Law §§ 195, 198)
**(On Behalf of Named Plaintiffs only)(Against Defendants jointly & severally)**
93. Plaintiffs repeat the foregoing paragraphs in their entirety.

94. Defendants failed to provide Plaintiffs with annual notices of pay rates and wage statements with each wage payment that contained all required information.

95. As a result of the foregoing, Defendants violated NYLL §§ 195(1) and (3) and Plaintiffs are entitled to recover civil penalties and record-keeping violation liability from Defendants for the duration of said violations.

96. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

97. Defendants willfully violated the rights of Plaintiffs by the aforementioned course of action.

**PRAYER FOR RELIEF**
**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be permitted to give notice of this collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and/or overtime wages;

B. An award of unpaid wages, overtime, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216 and New York Labor Law § 663;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216 and NYLL § 663;

D. An award of compensatory damages pursuant to common law of contracts;

E. Certification of this case as a collective action pursuant to 29 U.S.C. § 216;

F. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G. Designation of Plaintiffs as representatives of the Collective and Class, and counsel of record as Collective and Class Counsel; and

H. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NYLL and New York contract law.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: Brooklyn, New York

March 15, 2016

                                               LAW OFFICE OF DAVID WIMS
                                               BY: David C. Wims, Esq. (DW-6964)
                                                     *Attorneys for Plaintiffs*
                                                     1430 Pitkin Ave., 2nd Fl.
                                                     Brooklyn, NY 11233
                                                     (646) 393-9550