

# Peckar & Abramson

A Professional Corporation • Attorneys & Counselors at Law

*Kevin J. O'Connor*
*Partner*

www.pecklaw.com

70 Grand Avenue
River Edge, NJ 07661
tel  201.343.3434
fax 201.343.6306

New York, NY
Los Angeles, CA
San Francisco Bay Area, CA
Washington, D.C.
Miami, FL
Chicago, IL
River Edge, NJ
Austin, TX
Dallas, TX
Houston, TX
Devon, PA

**International**
**Alliances**

Beijing
Bogota
Buenos Aires
Guatemala City
Lima
London
Managua
Mexico City
Panama City
Port of Spain
San Jose
San Salvador
Santiago
Sao Paulo
Tegucigalpa
Vancouver

**VIA ECF**

April 4, 2016

Honorable Allyne R. Ross, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Bonn-Wittingham v. Project O.H.R., et al.**
        **EDNY Civil Case No. 1:16-cv-00541-ARR-JO**
        **Our File No. 3710-356460**

Dear Judge Ross:

We are counsel of record for Defendants, Project O.H.R. (Office for Homecare Referral), Inc. ("Project O.H.R."), Metropolitan New York Coordinating Council on Jewish Poverty ("Met Council") and D'Vorah Kohn ("Kohn") (collectively "Defendants") in this action. We respectfully request a pre-motion conference, pursuant to Your Honor's Individual Rules, concerning an anticipated Rule 12(b)(6) motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). (Dkt. No.1). Fed. R. Civ. P. 12(b)(6).

## Nature of the Case

Plaintiffs were allegedly employed as home health aides and/or home attendants by Defendants from in or around June 2009 through in or around May 2015. Plaintiffs commenced this action on February 2, 2016 and filed the FAC on March 15, 2016 alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay all of them overtime and minimum wages for work performed in excess of 40 hours in a work week. (FAC, ¶ 2.)

## Failure to State a Claim for Relief that is Plausible on its Face

Defendants will move to dismiss the FAC because it fails to state a claim under the FLSA. First, the FAC lacks sufficient particularly with respect to exactly when and for how long each of the approximately 172 named Plaintiffs worked for Project O.H.R and/or Met Council in so much as Plaintiffs, in conclusory fashion, allege that they worked for Defendants from in or around June 2009 through in or around May 2015. (1d., FAC ¶ 19.) Plaintiffs also fail to sufficiently allege the particular duties of each of the named Plaintiffs relative to their



# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

April 4, 2016
Page 2

respective residents. Additionally, the FAC is devoid of specific allegations regarding the residencies of each of the 172 named Plaintiffs, alleging that "Plaintiffs are adult individuals who…have been residents of the state and the City of New York and **surrounding areas**." (See FAC, ¶ 10.)[1] Plaintiffs present nothing more than wildly speculative, vague, formulaic and conclusory allegations which fail to satisfy the heightened pleading standards in this jurisdiction. See Lundy v. Catholic Health Sys.of Long Island, Inc., 711 F.3d 106 (2d Cir. 2013); Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192 (2d Cir. 2013).[2]

Moreover, during the period of Plaintiffs' alleged employment with Defendants, the FLSA exempted from its minimum wage and maximum hours' rules employees "employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15).[3] The "companionship exemption" is an exception to the general requirement that employees receive overtime pay when they work more than 40 hours in a single work week. Notwithstanding conclusory, unsupported legal conclusion to the contrary, Plaintiffs' own factual allegations unequivocally demonstrate that their claims for overtime pay must be dismissed. According to Plaintiffs, they performed the following tasks as home health aides: "personal care services, such as assistance with walking, bathing, dressing, personal grooming, meal preparation, feeding and toileting, heavy and light cleaning, such as vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms, doing laundry and taking out garbage; shopping running errands; escorting clients; and taking care of household pets." (FAC, ¶ 20). Plaintiffs' allegations concerning their job duties place them squarely within the scope of FLSA's companionship exemption, since Plaintiffs' duties overwhelmingly involve the "personal care" of the resident rather than general household duties. Indeed, home health aides performing such work as alleged by Plaintiffs fall directly within the exemption. See Torres v. Ridgewood Bushwick Senior Citizens Homecare Council, Inc., 2009 U.S. Dist. LEXIS 33622 (E.D.N.Y. April 22, 2009) (cleaning patient's bedroom, bathroom or kitchen, picking up groceries, medicine, and dry cleaning would be related to the personal care of the patient and would be the type of household work that would be exempt companionship work for purposes of section 13(a)(15) of the FLSA); Herrera v. Council for Human Svs. Home Care Corp., 2008 U.S. Dist. LEXIS 67446 (S.D.N.Y. Aug. 28, 2008).

Plaintiffs also assert fatally flawed derivative claims alleging breach of an intended third party beneficiary contract. Project O.H.R. and Met Council submit that the validity of these claims is

---

[1] The residence of each of the named Plaintiffs is relevant because the residence of each Plaintiff may, at the appropriate juncture, give Defendants certain rights to remand pursuant to the Class Action Fairness Act.

[2] Further, the viability of this class is suspect. See Severin v. Project OHR, Inc., 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. June 20, 2012)(rejecting the concept of a viable class of home health aides given the individual fact-finding that would be required).

[3] While this companionship exemption was the subject of rulemaking by the Department of Labor ("DOL"), those new rules did not take effect until after Plaintiffs were no longer employed by Project OHR.

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

April 4, 2016
Page 3

not only dependent on Plaintiffs' meritless FLSA claim, but is also insufficiently pled. To establish a third-party beneficiary claim, the party must demonstrate that it is an intended beneficiary of the contract, i.e. that (1) there exists a valid contract between the contracting parties; (2) the contract was intended for the third party's benefit; and (3) the benefit to the third party is clear and direct and not merely incidental. Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182 (2011); Mendel v. Henry Phipps Plaza W., Inc., 6 N.Y.3d 783, 786 (2006). Here, Plaintiffs do not even identify the contract to which they could plausibly be a third party beneficiary and Plaintiffs set forth no allegations which would permit a finding that Plaintiffs were anything more than incidental beneficiaries to any alleged contracts they vaguely refer to.

Lastly, Plaintiffs' joint employer allegations are woefully deficient and fail to meet the pleading standards in this Circuit. When considering whether a defendant is a joint employer within the meaning of the FLSA and NYLL, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case." Severin v. Project OHR, Inc., 2011 U.S. Dist. LEXIS 99839, *19-20 (S.D.N.Y. Sept. 1, 2011) (citing to Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999)). There FAC contains only conclusory allegations to attempt to impose joint employer liability on Project OHR and Met Council. Without more factual support, such claims cannot be sustained. Gill v. Acacia Network, 2015 U.S. Dist. LEXIS 34009, *17 (S.D.N.Y. Mar. 18 2015).[4]

For the foregoing reasons, we respectfully request a pre-motion conference with the Court to obtain leave to file and serve a motion to dismiss, and arrive at a mutually convenient briefing schedule for the anticipated motion.

Respectfully submitted,

/s/ Kevin J. O'Connor, Esq.
KEVIN J. O'CONNOR
KJO:ci
RIVEREDGE-#445722v1-

cc:      All counsel of record (via ECF)

---

[4] Moreover, the joint employer theory is likewise insufficient because it calls for an interpretation of a collective bargaining agreement, which defines the sole employer as Project O.H.R. and not Met Council.