UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                       :

JUDY BONN-WITTINGHAM; MELVA JONES;     :
GERMITA FREMONT; MAISIE BECKFORD; LENA   :
BARTON; DULCIE JONES; UNICA GEORGE; GRETA  :
KEISER; ENID LEWIS; MARIE PAULA EUGENE;    :
GLORIA BENT; GRACE YARDE; LINDA              :
HENDERSON; VESTA DOUGLAS; EVELYN CIMA;    :
MERLE HOYTE; OCTAVIA CRICK; ALBERTINA     :
THOMAS; UNICEY DESHIELDS; SUZY DORCE;      :
IMMACULA AUGUSTE; MARY P. EUGENE;         :
ALBERTHA FENELON; PARBATI SINGH; VERNA     :
RICKETTS; GILLIAN BOWEN; FARIL BEST;        :
CORNELIOUS GREEN; MARGARET YOUNGE;      :
GLADYS ENRIQUEZ; OLIVE DUTCHIN; MIGNAN    :
BARRY; SHERAN JAMES; DEBBIE ANN BROWN;    :
PAULINE GRANT; CATHERINE JESSAMY; BEVERLY :
CALDWELL; IRMA ANDERSON; MARIE AFREH;     :
SHIRLEY EDWARDS; OMODELE JOHNSON; THEMA :
JAMES; ADALSIE HOUSTON; ROSEANNE         :
CRANDON; CECILIA BEST; MARTHA GROVES;     :
LAUNA JONES; ANGELA ARMSTRONG; IONIE     :
SENIOR; YOLANDE JEAN-BART; MORINE WRIGHT; :
YVONNE LEWIS; ANITA LUBIN; ELAINE CLARKE;  :
MARIE FLEURIMONT; MARGARET COTTERELL;   :
MARIE YANICK JOSEPH; ELLA POMPEY; MYRNA  :
THOMAS; MARIE-L GILLES; EUNICE STAFFORD;   :
MARIE MILORD; MARIE D. PIERRE; MERLE LOPEZ; :
BEVERLINE GRANT; ELAINE TAYLOR; LINNETT   :
WILLIAMS; ROXANNE CAMBRIDGE; KATHLENE   :
MORGAN; SAWARIE RAMLOCHAN; ANNE MARIE   :
MORGAN; LEONIE HUSSETT; LINETTE CORNWALL; :
FAY MCKENZIE; MARIE DORSAINVILLE; CARMEL  :
ANDERSON; YOLANDA GAYLE; PAULINE CLARKE; :
ALVIRA HENRY; JOAN LEACOCK; LYNETTE     :
VYENT; MARIE MONPREMIER; SYLVIA HOYTE;   :
UNA SEALE; LUCY INEUS; LORENTE SIMEON;    :
PEARLINE DONALDSON-REID; BETTY ANNE     :
ALEXANDER; OLGA CADET; CARMEN POWNALL;  :
JUDY TAYLOR; LYNETTE A. WILLIAMS; FLORENCE :
CUVILLY; JEANETTE BRICE; CAROLINE LONG;   :
MARJORIE JOHNSON; GERDA ANTOINE; DORETTA :
THOMAS; WALTERINE LEVIUS; VELDA MAYERS;  :
ELIZA HAMILTON; YVONNE MACK; ISOLYN     :

16-CV-541 (ARR)(JO)

<u>NOT FOR ELECTRONIC
OR PRINT PUBLICATION</u>

<u>OPINION & ORDER</u>

PALMER; VANETTA GRANT; PATRICIA COSMAS; :
DONNA HEADLEY; CLAUDETTE GRIMES; SEORAJNI:
PERSAUD; NEELA WARDEN; EILEEN TUCKER; :
ANNETTE DAVIS; CARMEN PELZER; ANN SABAL; :
JACQUELINE ELLIS; JOAN MARAGH; SYLIVA :
PETERS; JUILETTE HAMILTON; MARIE LAGUERRE; :
TANISHA GOODEN; IMMACULA DORISMOND; :
ELSIE COLLINS; BEVERLY ROYAL MCPHERSON; :
AUDREY CROSDALE; MARIYA SUDNISHIKOVA; :
WALENTINA RUSZCZYK; HODA HASSANE; :
HUGUETTE NELSON; SANDRA MCINTOSH; :
YVELINE M. BEAUCHAMP; JULIETH MELBOURNE; :
ADELINE JERMAIN; GISLAINE JOCELYN; :
MIROSLAWA BARTOLD; MARINA KISINA; MARINA :
BESSARABOVA; MARTHE LATOUR; JEANINE ELIE; :
MARIE LONGUEFOSSE; YPPOLIA DECOPAIN; :
LUDMILLA ARMONAVICA; ESTHER LOPEZ; JANINA:
WERYNSKA; CONSESORA LIRIANO; MARIANELA :
SORIANO; DIGNA GARCIA; PAULA GARCIA; :
MERCEDES GARCIA; LIDIYA BERDNKOVA; :
KRYSTYNA BUNKOWSKA; VITOLD STANKEVICH; :
ZOIA STANKEVITCH; ANATALIE JEAN; ROMANA :
JAVIER; ANA M. GOMEZ; CANDIDA PAREDES; :
MARIE GRAND-PIERRE; ALMA ARIZA; CRYSTAL :
EDWARDS; PRISCILLA JENKINS; TERESA :
RUDNICKI; BARBARA ROSLANIEC; JEMMA LEWIS; :
SOPHI BUNBURY; CARMEN TORIBIO; DANUTA :
MALMON; NELI KORINTELI; ASYA CHERNINA; :
DAISY CASTILLO; JOSEFINA ARIAS; MARIE :
PLAISIR; EUGENEA GORBACHEVA; FARA CHACAN;:
BARNO AKHTAMOVA; SVETLANA SHAPOSHNIK; :
and LYUDMILLA ARTANOSHINA, :
                                                          :
                        Plaintiffs, :
                                                          :
on behalf of themselves and all others similarly situated :
                                                          :
        -against- :
                                                          :
PROJECT O.H.R. (OFFICE FOR HOMECARE :
REFERRAL), INC.; METROPOLITIAN NEW YORK :
COORDINATING COUNCIL ON JEWISH POVERTY; :
and D'VORAH KOHN, :
                                                          :
                        Defendants. :
------------------------------------------------------------------ X

2

ROSS, United States District Judge:

Plaintiffs are home health care workers who bring, individually and as putative class representatives, federal and state law claims against their former employer for unpaid wages and other labor law violations. Fourth Am. Compl. & Class Action Compl., ECF No. 43 ("FAC"). On July 1, 2016, defendants moved to dismiss the complaint and strike class allegations. Notice Mot. Dismiss Am. Compl. Pursuant Fed. R. Civ. P. 12(b)(6) & Strike Class Allegations, ECF No. 37. The court subsequently held a conference with the parties, during which plaintiffs agreed to file their last and best complaint. Tr. Of Proceedings (Oct. 4, 2016), Suppl. Decl. Kevin J. O'Connor, Esq. Supp. of Mot. Dismiss Am. Compl. Pursuant Fed. R. Civ. P. 12(b)(6) & Strike Class Allegations Ex. A, ECF No. 44-2, at 5:14-19. The "Fourth Amended Complaint" was filed on October 18, 2016. FAC.[1] Defendants renewed their motion to dismiss. Suppl. Mem. Law Supp. Defs.' Mot. Dismiss "Fourth" Am. Compl., ECF No. 44 ("Defs.' Suppl. Mem."). As set forth below, this motion is granted in part and denied in part.

## BACKGROUND

The plaintiffs allege the following facts, taken as true for the purposes of this motion. Defendants Project O.H.R. (Office for Homecare Referral), Inc. ("OHR") and Metropolitan New York Coordinating Council on Jewish Poverty ("Met") are domestic nonprofit corporations providing homecare services to elderly and disabled persons. FAC ¶¶ 13-14. Defendant D'Vorah Kohn is the Executive Director of OHR and a principal of Met. Id. ¶ 15. Defendants employed plaintiffs as home healthcare workers. Id. ¶ 18. The FAC asserts claims under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201

---

[1] The title plaintiffs gave to their complaint is incorrect, as there have been only three amendments.

et seq., concerning wages and unpaid overtime. Id. ¶¶ 3-4.

> According to the complaint, plaintiffs' job duties included
>
> personal care services, such as assistance with walking, bathing, dressing, personal grooming, meal preparation, feeding and toileting; heavy and light cleaning, such as vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms, doing laundry and taking out garbage; shopping; running errands; escorting clients; and taking care of household visitors and pets.

Id. ¶ 20. Twenty-five percent or more of plaintiffs' time was spent performing "general household work" including "heavy cleaning tasks such as vacuuming, mopping, dusting, cleaning windows, appliance cleaning, cleaning living areas, bathrooms, hallways and common areas; and taking out garbage and cooking for and cleaning for client relatives, pets and guests." Id. ¶ 21.

Some plaintiffs worked twenty-four hour shifts ("sleep in" shifts) during which "Defendants required Plaintiffs to stay overnight at the residences of Defendants' clients and monitor and attend to them throughout the shift." Id. ¶ 27. During such shifts, plaintiffs were required to "constantly attend to the client(s)," id. ¶ 28, and "rarely if ever received uninterrupted, continuous and completely relieved of duty sleeping and meal periods," id. ¶ 33. When plaintiffs worked sleep in shifts, defendants automatically deducted eight hours per shift for sleep and three hours per shift for meals. Id. ¶ 34.

Defendants paid plaintiffs $10/hour on weekdays and $11.25/hour on weekends, except that during sleep in shifts plaintiffs earned a daily rate of $136.95 on weekdays and $157.95 on weekends. Id. ¶¶ 29-30. The FAC alleges particular weeks during which various plaintiffs were paid less than minimum wage and no overtime after working several overnight shifts. Id. ¶¶ 38-44. For example, some plaintiffs allegedly worked three twenty-four hour shifts in a week but were paid only $410.85 for the week. Id. ¶ 38. The FAC also alleges particular weeks during

which some plaintiffs worked several twelve-hour shifts and were not paid overtime. Id. ¶¶ 45-47.

The FAC further alleges that defendants failed to provide an annual notice of pay rates and a statement of the hours worked and pay rates with each wage payment. Id. ¶¶ 51-52.

At all relevant times, OHR and Met shared "corporate resources, owners, assets, liabilities, funds, bank accounts, office space, facilities, equipment, contracts, officers, directors, employees and contractors." Id. ¶ 17. As executive director of OHR, defendant Kohn controlled the conditions of plaintiffs' employment, including hiring and firing, evaluating, and setting schedules. Id. ¶ 15.

## DISCUSSION

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and must also draw all reasonable inferences in favor of the plaintiff. Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only a "plausible claim for relief survives a motion to dismiss." LaFaro v. New York Cardiothoracic Grp., 570 F.3d 471, 476 (2d Cir. 2009). Thus courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 555).

## I. Companionship Exemption to the FLSA

The parties contest whether plaintiffs' and the putative class members' claims are barred

by the "companionship services" exemption to the FLSA.[2] This exemption provides that the requirements of the FLSA do not apply to "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15). The regulations in force during most of the time relevant to the complaint define "companionship services" as "fellowship, care and protection" including "household work related to the care of the aged or infirm person . . . [or] performance of general household work: *Provided, however*, [t]hat such work is incidental, i.e. does not exceed 20 percent of the total weekly hours worked." 29 C.F.R. § 552.6 (effective until January 1, 2015) (italics in original).

The Department of Labor ("DOL") further clarified the difference between work related to the "personal care" of the patient and "general household work" in a March 15, 1995 opinion letter. It states that "such activities as cleaning the patient's bedroom, bathroom or kitchen, picking up groceries, medicine, and dry cleaning would be related to personal care of the patient" which would be "the type of household work that would be exempt work." See U.S. Dep't of Labor, Opinion Letter on Fair Labor Standards Act (March 16, 1995), 1995 WL 1032475, at *1 ("DOL Letter"). The letter continues: "However, activities involving heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a 'trashy' house would be general household work or nonexempt work that is subject to the 20 percent time limitation." Id.

---

[2] The parties also dispute whether this issue is properly before the court. Defendants argue that the court should address the exemption. See Defs.' Mem. Law Supp. Mot. Dismiss Second Am. Compl., ECF No. 37-1, at 10. Because I determine that the pleading standard is met with respect to the companionship exemption, I do not address plaintiffs' argument that, because the companionship exemption is an affirmative defense, plaintiffs are not required to plead facts negating it. See Pls.' Mem. Law Opp'n to Defs.' Mot. to Dismiss Under Rule 12(b)(6) & Strike Class Allegations, ECF No. 39, at 17.

Under new regulations effective January 1, 2015, only "fellowship and protection" services are exempt from FLSA protection. 29 C.F.R. § 552.6 (effective January 1, 2015). The "provision of care" to elderly or infirm individuals, such as assistance with the activities of daily living, meal preparation and light housework, is exempt from the FLSA only if "provided attendant to and in conjunction with the provision of fellowship and protection and if it does not exceed 20 percent of the total hours worked per person and per workweek." Id. The current regulations, which exclude light housework from the companionship exemption, exempt fewer employees than the previous regulations. Therefore, any complaint that adequately pleads the inapplicability of the companionship exemption under the old regulations meets the requirements of the new regulations as well.

This court recently considered the pleading requirements plaintiffs must meet to overcome the companionship services exemption under the pre-2015 regulations. In Cowell v. Utopia Home Care, Inc., the defendant argued on a motion to dismiss that "Plaintiff fail[ed] to indicate the time she spent doing non-exempt work, or identifying the weeks in which the non-exempt work was performed." 144 F. Supp. 3d 398, 403 (E.D.N.Y. 2015). The court rejected this argument, finding that "the pleading standard do[es] not require Plaintiff to specifically allege the particular time of her day or week spent on general household duties." Id. at 404.

Here, defendants argue that the tasks described as nonexempt work comprising more than twenty percent of plaintiffs' workweeks "are not all of the type that fit within the exemption." Defs.' Mem. Law Supp. Mot. Dismiss Second Am. Compl., ECF No. 37-1 ("Defs.' Mem."), at 14. Paragraph 21 of the FAC, which lists examples of work described as "general household work" on which "Plaintiffs and the others regularly spent 25% or more of their time," includes only two activities – cleaning bathrooms and cooking – which the Department of Labor

7

described as related to the "personal care" of the patient, and therefore exempt from the FLSA. The remaining tasks described in paragraph 21 are nonexempt "heavy cleaning," drawing all reasonable inferences in favor of the plaintiffs. DOL Letter; FAC ¶ 21.

Therefore, plaintiffs allege "the type of work [they] performed, which indicates it is in the nature of 'general household work,' and that [they] spent [one-quarter] of [their] total hours worked on such tasks." Cowell, 144 F. Supp. 2d at 404; see FAC ¶ 21. As in Cowell, "such allegations sufficiently state a plausible claim [that plaintiffs are] not covered by the exemption." Id.; see also Lamur v. Sunnyside Cmty. Servs., Inc., No. 11-cv-4439, 2012 WL 3288770, at *3 (E.D.N.Y. Aug. 9, 2012) (denying motion to dismiss where the plaintiff alleged spending approximately one-third of her working week on, inter alia, "general household cleaning, including of external hallways, stairs, and common areas"). The motion to dismiss is denied on this ground.[3]

## II.    Failure to Pay Overtime Under FLSA and NYLL

The FLSA mandates that employees receive at least time and a half for any hours worked in excess of forty per week. 29 U.S.C. § 207(a). The NYLL adopts the same standard. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. The same pleading standards apply to violations of the FLSA and NYLL. Lopez-Serrano v. Rockmore, 132 F. Supp. 3d 390, 403 (E.D.N.Y. 2015).

The Second Circuit recently published a trio of cases addressing the pleading requirements to state a claim for unpaid overtime in the healthcare industry. In Lundy, the

---

[3] The NYLL also exempts certain employees providing companionship services, but "sleep-in home attendants employed by . . . vendor agencies" are not exempt from the NYLL's coverage. Severin v. Project OHR, Inc., No. 10 Civ. 9696(DLC), 2012 WL 2357410, at *5 (S.D.N.Y. June 20, 2012) (quoting Settlement Home Care, Inc. v. Indus. Bd. of Appeals of the Dep't of Labor, 542 N.Y.S.2d 346, 347 (N.Y. App. Div. 1989)). Defendant does not argue that plaintiffs are exempt from the NYLL's overtime and minimum wage requirements.

Second Circuit held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 711 F.3d at 114. The Lundy complaint detailed plaintiffs' approximate work schedules, including estimated time working over meal breaks, during trainings and after scheduled shifts. Id. at 114-15. However, "[t]he allegations . . . failed because of arithmetic: tallying the plausible factual allegations, [the court] could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime." Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 88-89 (2d Cir. 2013) (describing Lundy, 711 F.3d 106).

In Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., the Second Circuit affirmed the district court's dismissal of a FLSA overtime claim. 723 F.3d 192 (2d Cir. 2013). Plaintiffs alleged that defendants did not pay them for hours worked during meal breaks, trainings, before shifts and after shifts. Id. at 196-97. The Second Circuit held dismissed this claim because "Plaintiffs [did not] provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Id. at 201. Similarly, in DeJesus, the plaintiff "alleged that she worked more than forty hours per week during 'some or all weeks' of her employment and, in violation of the FLSA, through April 2011 was not paid at a rate of at least 1.5 times her regular wage for each hour in excess of forty hours." 726 F.3d at 86. Affirming the district court's dismissal, the Second Circuit explained that these allegations were "no more than rephrasing the FLSA's formulation specifically set forth in section 207(a)(1)." Id. at 89.

DeJesus further clarified that "Lundy's requirement that plaintiffs must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" Id. at 90 (citation omitted).

9

Rather, it "require[s] plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570). This standard does not require "careful records" or "mathematical precision" but does demand that plaintiffs draw on "their memory and experience . . . to provide[] complaints with sufficiently developed factual allegations." Id. One court recently summarized this trio of cases as requiring a plausible allegation of "work in excess of forty hours and the accompanying failure to pay overtime in 'a given workweek.'" Bustillos v. Academy Bus., No. 13-cv-565, 2014 WL 116012, at *4 (S.D.N.Y. Jan. 13, 2014).

There are two groups of employees discussed in the FAC: those who worked sleep in shifts (the "Sleep In Plaintiffs"), and those who worked twelve hour shifts. With respect to those plaintiffs that worked twelve hour shifts, the FAC plausibly alleges that they were not paid overtime. Each of those plaintiffs allegedly worked, in a single week, four twelve hour shifts, on weekdays, for which they were paid $480.00. FAC ¶¶ 45-47. The weekday rate of pay is $10.00 per hour. Id. ¶ 29. Therefore, taking the allegations in the complaint to be true, it is plausible that plaintiffs were not paid time and a half overtime for those shifts.[4] The motion to dismiss the overtime claims is denied with respect to those plaintiffs who worked twelve hour shifts.

The analysis is more complicated with respect to the Sleep In Plaintiffs. The FAC alleges that some plaintiffs worked two consecutive sleep in shifts per week (48 hours total), id. ¶ 39, others worked three consecutive sleep in shifts per week (72 hours total), id. ¶¶ 38, 40-43, and a small group worked four consecutive sleep in shifts per week (96 hours total), id. ¶ 44. Plaintiffs further allege that their wages for sleep in shifts were "automatically deduct[ed]" for eight hours

---

[4] At an hourly rate of $10.00 per hour, these plaintiffs should have been paid $400.00 for the first 40 hours. Plaintiffs should have earned $15.00 per hour for eight hours of overtime, $120.00, for a total weekly payment of $520.00.

of sleep time and three hours of meal times, regardless of whether plaintiffs actually worked through such periods. Id. ¶ 34. They also allege that they "rarely if ever received uninterrupted, continuous, and completely relieved of duty sleeping and meal periods." Id. ¶ 33.

Under the FLSA, "employees are not entitled to compensation during break periods when they are not working." Mendez v. U.S. Nonwovens Corp., 314 F.R.D. 30, 49 (E.D.N.Y. 2016). Under New York law, "live-in employees must be paid not less than for thirteen hours per twenty-four hour period provided that they are afforded at least eight hours of sleep and actually receive five hours of uninterrupted sleep, and that they are afforded three hours for meals." N.Y. Dep't of Labor, Counsel Opinion Letter, RO-09-00169 Live-In Companions (March 11, 2010), available at Severin, No. 10 Civ. 9696 (DLC), ECF No. 78-1. Therefore, defendants' policy of scheduling twenty-four hour shifts did not necessarily entitle plaintiffs to compensation for the full twenty-four hours. See Mendez, 314 F.R.D. at 49-50 (holding that the existence of a policy of automatically deducting time for scheduled breaks does not, by itself, violate the FLSA or NYLL); Desilva v. N. Shore-Long Island Jewish Health Sys., Inc., 27 F. Supp. 3d 313, 321 (E.D.N.Y. 2014) (same). The question remains whether plaintiffs have sufficiently pled break time work to plausibly suggest work in excess of forty hours in a given workweek.

In Nakahata, the Second Circuit addressed the FLSA pleading standard for overtime violations occasioned by the employee working through scheduled breaks. 723 F.3d at 201. There, the complaint alleged "that Plaintiffs were not compensated for work performed during meal breaks, before and after shifts, or during required trainings" but did not allege "that Plaintiffs were scheduled to work forty hours in a given week." Id. The Second Circuit concluded that the complaint did not have "sufficient detail about the length and frequency of

11

[plaintiffs' alleged] unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Id.

Defendants do not contest that plaintiffs were scheduled to work at least thirteen hours per sleep in shift. See Defs.' Suppl. Mem. at 5. If the plaintiffs worked only the scheduled thirteen hours per shift, most of the Sleep In Plaintiffs do not allege a week in which they worked more than forty hours. See FAC ¶¶ 38-43.[5] Therefore, these Sleep In Plaintiffs properly plead an overtime violation only if they have alleged that they worked enough hours during their designated break time to bring their weekly hours total above forty.

Plaintiffs failed to plead any details about the "length and frequency of . . . unpaid work." Nakahata, 723 F.3d at 201. Indeed, the allegations in the FAC are similar to those found insufficient in Nakahata. Compare id. at 196 ("Plaintiffs allege: (1) Defendants have a policy of automatically deducting time for meal breaks from employees' paychecks despite consistently requiring employees to work during meal breaks") with FAC ¶ 34 ("At all relevant times, when Plaintiffs worked sleep-in shifts, Defendants automatically deducted from Plaintiffs' wages eight (8) hours per day for alleged sleep time and three (3) hours per day for alleged meal periods, without regard to whether Plaintiffs in fact worked through said time periods."); compare Nakahata, 723 F.3d at 196 ("Plaintiffs allege: . . . (2) employees engage in work activities both before and after their shift without compensation") with FAC ¶ 33 ("Plaintiffs rarely if ever received uninterrupted, continuous and completely relieved of duty sleeping and meal periods.").

In other words, the FAC does not "support a reasonable inference that [plaintiffs] worked

---

[5] Paragraphs 38, 40, 41, 42 and 43 allege that the listed plaintiffs worked three sleep in shifts during specified weeks. FAC ¶¶ 38, 41-43. At thirteen hours worked per shift, this is thirty-nine hours per week. Paragraph 39 alleges that the listed plaintiffs worked two sleep in shifts during specified weeks. Id. ¶ 39. At thirteen hours worked per shift, this is twenty-six hours per week.

12

more than forty hours in a given week." Nakahata, 723 F.3d at 201. The required inference is most tenuous for those plaintiffs who allege two consecutive sleep in shifts. FAC ¶ 39. In order for these plaintiffs to plead more than forty hours of work in a given workweek, I would have to assume that they took fewer than eight hours to sleep and/or eat over the course of forty-eight consecutive hours of work. Similarly, for those plaintiffs who allege working three consecutive sleep in shifts, id. ¶¶ 38, 41-43, I would have to assume that, on average, they worked through at least two of their designated eating breaks, slept less than six hours, or did not receive five hours of uninterrupted sleep per shift. No allegation in the FAC provides details supporting these inferences.

However, a small number of plaintiffs allege weeks in which they worked four sleep in shifts a week. Id. ¶¶ 44. Defendants do not contest that plaintiffs were scheduled to work at least thirteen hours per sleep in shift. At thirteen hours worked per shift, therefore, these plaintiffs allege fifty-two hours per week. Therefore, even without working during breaks, these plaintiffs have plausibly pled a "work in excess of forty hours and the accompanying failure to pay overtime in 'a given workweek.'" Bustillos, 2014 WL 116012, at *4; see FAC ¶ 36 ("Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) per week.").

Therefore, the failure to pay overtime claim is dismissed with respect to the majority of plaintiffs. The failure to pay overtime claim survives with respect to plaintiffs who worked twelve hour shifts and with respect to the following plaintiffs, who allege a single workweek comprising four sleep in shifts: Janina Werynska, Lidiya Berdnkova, Krystyna Bunkowska, Anatalie Jean, Marie Grand-Pierre, Priscilla Jenkins, Jemma Lewis, Danuta Malmon, Neli Korinteli, Daisy Castillo, Marie Plaisir, Barno Akhtamova, Svetlana Shaposhnik, Lyudmilla

Artanoshina and Cicely Daly.

### III.    Failure to Pay Minimum Wage under FLSA and NYLL

The FLSA requires employers to pay employees at least minimum wage, currently $7.25 per hour. 29 U.S.C. § 206(a)(1). New York's minimum wage was higher than the FLSA wage during all relevant times, and is currently $9.00 per hour. N.Y. Lab. Law § 652 (McKinney 2016). The same pleading standard applies to claims under the FLSA and NYLL. See Lopez-Serrano, 132 F. Supp. 3d at 401 (applying same analysis to FLSA and NYLL minimum wage claims).

A party alleging failure to pay the mandated minimum wage has an "arithmetical" burden at the pleadings stage. Id. at 402. "[T]o state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." Id. (quoting Serrano v. I. Hardware Distribs., Inc., No. 14-cv-2488, 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015)).

With respect to the employees who worked twelve hour shifts, the only allegations in the FAC suggest that these employees were paid more than minimum wage. For example, the FAC alleges that plaintiffs were paid $10 per hour during weekday shifts and $11.25 per hour during weekend shifts. FAC ¶ 29. Similarly, the representative weeks cited in the FAC for employees working twelve hour shifts suggest that they were paid over the minimum wage. See id. ¶¶ 45-47 (listing plaintiffs paid $480.00 for four twelve hour shifts, or $10/hour).

Turning to the Sleep In Plaintiffs, the only allegation in the FAC as to plaintiffs' hourly rate establishes that they were paid twelve hours at the regular weekly rate ($10 per hour on weekdays and $11.25 per hour on weekend), plus a "per diem" payment of $16.95. FAC ¶ 30. Thus, the minimum wage claim for the Sleep In Plaintiffs depends on whether these plaintiffs

have plausibly alleged they "worked sufficient unpaid hours that [their] effective hourly wage fell below the minimum wage." Bustillos, 2014 WL 116012, at *2.

The Sleep In Plaintiffs have not met this requirement. As explained above, neither the FLSA nor the NYLL requires employers to compensate employees working overnight shifts for sleeping and meal breaks. See Severin, 2012 WL 2357410, at *8. While plaintiffs allege specific weeks during which they worked multiple sleep in shifts, they have provided no basis for me to conclude that they worked the entire twenty-four hours of each shift, without sleep or meal breaks.[6] Plaintiffs have not plausibly alleged that they worked more than nineteen hours each shift without a break. Therefore, the minimum wage claim is dismissed with respect to all plaintiffs.

## IV.    Failure to Provide Wage Notices

Plaintiffs' final claim arises under NYLL § 195, which requires employers to include the following information with each wage payment:

> the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; . . . net wages[;] . . . . the regular hourly rate or rates of pay; the

---

[6] In order to have received an effective minimum wage, plaintiffs need only have taken breaks of, on average, five hours per shift. Paragraphs 38, 42 and 43 allege that the listed plaintiffs worked three sleep in shifts for a total weekly payment of $410.85. FAC ¶¶ 38, 42-43. Plaintiffs could have worked up to 56.66 hours that week, or approximately 19 hours per shift, before earning less than the minimum wage. Paragraphs 40 and 41 allege that the listed plaintiffs worked three sleep in shifts for a total weekly payment of $425.85. Id. ¶¶ 40-41. Plaintiffs could have worked up to 59.15 hours that week, or approximately 20 hours per shift, before earning less than the minimum wage. Paragraph 39 alleges that the listed plaintiffs worked two sleep in shifts for a total weekly payment of $273.90. Id. ¶ 39. Plaintiffs could have worked up to 37.78 hours that week, or approximately 19 hours per shift, before earning less than the minimum wage. Finally, paragraph 44 alleges that the listed plaintiffs worked four sleep in shifts for a total weekly payment of $547.80. Id. ¶ 44. Plaintiffs could have worked up to 75.56 hours that week, or approximately 19 hours per shift, before earning less than the minimum wage.

> overtime rate or rates of pay; the number of regular hours worked, and the number
> of overtime hours worked.

N.Y. Lab. Law § 195(3) (McKinney 2016). The statute also requires employers to provide a detailed wage notice at hiring. Id. § 195(1)(a).

The FAC alleges that "Defendants failed to provide Plaintiffs with . . . wage statements with each wage payment that contained all required information, such as employer address, telephone number, pay period dates, d/b/a/ name, hours worked, overtime hours worked, etc." FAC ¶ 93; see also id. ¶ 52. Plaintiffs have therefore adequately pled a violation of statute. Mendez v. US Nonwovens Corp., 2 F. Supp. 3d 442, 457-58 (E.D.N.Y. 2014) (denying motion to dismiss where complaint "specifically alleges that the 'Defendants never provided' the Plaintiffs with a wage notice").[7]

Defendants argue, and plaintiffs do not contest, that six plaintiffs have "no colorable claim under the statute," Defs.' Mem. at 23, because their claims are "time-barred," Defs.' Suppl. Mem. at 7. The six plaintiffs at issue, and their respective dates of employment, follow:

(1) Unica George: December 1995 to 2010

(2) Unicey Deshields: July 1998 to November 2011

(3) Beverly Caldwell: March 2008 to June 2011

(4) Morine Wright: October 1999 to November 2011

---

[7] Plaintiffs also allege that defendants failed to provide annual wage notices required by the Wage Theft Prevention Act. FAC ¶ 93. While this requirement was in force as of April 9, 2011, see Carter v. Tuttnaeur U.S.A. Co., 78 F. Supp. 3d 564, 569 (E.D.N.Y. 2015) (quoting Yuquilema v. Manhattan's Hero Corp., No. 13-CV-461 (WHP)(JLC), 2014 WL 4207106, at *10 (S.D.N.Y. Aug. 26, 2014)), the statue did not provide a private right of action for those who did not receive the annual notice, see id. at 570 (citing Guan Ming Lin v. Benihana N.Y. Corp., No. 10–CV–1335 (RA)(JCF), 2012 WL 7620734, at *2 (S.D.N.Y. Oct. 23, 2012), R&R adopted, 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013)), and this requirement was removed from the statute effective February 27, 2015, Act of Dec. 29, 2014, Ch. 537, 2014 N.Y. Sess. Laws A. 8106-C (McKinney).

(5) Elaine Clarke: August 2000 to May 2010

(6) Myrna Thomas: November 2004 to December 2010

Defs.' Mem. at 23; FAC Ex. 1, ECF No. 43-1. Plaintiffs did not address this issue.

As noted above, plaintiffs allege violations of two separate provisions of the NYLL: Section 195(1)(a), which requires employers to give a wage notice at hiring, and Section 195(3), which requires employers to provide a statement with each wage payment. Both sections were amended with an effective date of April 9, 2011. See Wage Theft Prevention Act, Ch. 564, 2010 N.Y. Sess. Laws S. 8380 (McKinney). Under this amendment, the first annual wage notice was due on February 1, 2012. Id. Therefore, recovery for failure to provide the annual notice required under NYLL § 195(1)(a) is limited to plaintiffs employed as of February 1, 2012. See Carter v. Tuttnaeur U.S.A. Co., 78 F. Supp. 3d 564, 570 (E.D.N.Y. 2015) (citing Guan Ming Lin v. Benihana N.Y. Corp., No. 10–CV–1335 (RA)(JCF), 2012 WL 7620734, at *2 (S.D.N.Y. Oct. 23, 2012), R&R adopted, 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013)). Accordingly, the motion to dismiss is granted with respect to violations of NYLL § 195(1)(a) for the six plaintiffs listed above.

The requirement to provide a statement with each payment of wages was effective April 9, 2011. See WPTA. Therefore, no plaintiffs employed after that date are time-barred. Furthermore, the requirement to provide a statement with each payment of wages predates the 2011 amendment of the statute. See id. The previous statute required employers to "furnish each employee with a statement with every payment of wages, listing gross wages, deductions and net wages." See id. Plaintiffs allege that defendants' wage statements did not include the hours worked or hourly rates. FAC ¶ 52. Without this information, defendants could not have provided the required notice of gross and net wages. Therefore, plaintiffs have alleged a

violation of the pre-2011 statute. The motion to dismiss is denied with respect to all violations of NYLL § 195(3).

## V.    Remaining Issues

### a.    FLSA Statute of Limitations

The FLSA has a two year statute of limitations, which may be extended to three years in the case of a willful violation. 29 U.S.C. § 255(a).[8] "A cause of action under the FLSA accrues on the regular payday immediately following the work period for which services were rendered and not properly compensated." Xu v. Ho, 111 F. Supp. 3d 274, 278 (E.D.N.Y. 2015) (quoting D'Arpa v. Runway Towing Corp., 12-CV-1120, 2013 WL 3010810, at *5 (E.D.N.Y. June 18, 2013)). An individual action brought under the FLSA "shall be considered to be commenced on the date when the complaint is filed." 29 U.S.C. § 256.[9] The complaint was filed on February 2, 2016. Compl., ECF No. 1. Therefore, individual claims that accrued before February 1, 2014, are barred under a two year statute of limitations and individual claims that accrued before February 1, 2013, are barred under a three year statute of limitations.

"Courts in this Circuit have generally left the question of willfulness to the trier of fact." Litras v. PVM Intern. Corp., No. 11-cv-5695 (JFB)(AKT), 2013 WL 4118482, at *5 (E.D.N.Y. Aug. 15, 2013) (collecting cases). This is because "it is hornbook learning that the state of [another]'s mind, intent, can almost never be proved directly and invariably is proved circumstantially." Rahman v. Shiv Darshan, Inc., 12 Civ. 3457(ILG) (CLP), 2013 U.S. Dist.

---

[8] "In contrast to FLSA claims, NYLL claims have a six-year statute of limitations with no showing of willfulness required." Shu Qin Xu v. Wai Mei Ho, 111 F. Supp. 3d 274, 278 (E.D.N.Y. 2015) (citing Guaman v. Krill Contracting, Inc., 14-CV-4242, 2015 WL 3620364, at *5 (E.D.N.Y. June 9, 2015); He v. Home on 8th Corp., 09-CV-5630, 2014 WL 3974670 at *6 (S.D.N.Y. Aug. 13, 2014)).

[9] Class claims are commenced with respect to each individual claimant on the date his written consent to be a party is filed, or the date of the complaint, whichever is later. Id.

LEXIS 24750, at *9–10, 2013 WL 654189 (S.D.N.Y. Feb. 22, 2013) (alterations omitted). As a result, "[w]hether or not a violation of the FLSA is 'willful' is a fact-intensive inquiry not appropriately resolved on a motion to dismiss." Goodman v. Port Auth. of N.Y. & N.J., 850 F.Supp.2d 363, 381 (S.D.N.Y.2012).

Plaintiffs allege generally that defendants "intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA." FAC ¶ 48. At this stage of litigation, a general averment of willfulness suffices to invoke the three-year statute of limitations. Litras, 2013 WL 4118482, at *4; Moran v. GTL Constr., LLC, 06 Civ. 168(SCR), 2007 WL 2142343, at *4 (S.D.N.Y. July 24, 2007) ("[F]or the purposes of pleading, willfulness qualifies as a factual state of mind falling under Fed. R. Civ. P. 9(b) which states that the 'condition of mind of a person may be averred generally.'").

Defendants also argue that the claims of any plaintiffs no longer employed by defendants after February 1, 2013, are barred even under the three year statute of limitations. Defs.' Mem. at 21. Plaintiffs do not address this issue. A statute of limitations may be equitably tolled if "the plaintiff . . . establish[es] that extraordinary circumstances prevented [her] from filing [her] claim on time, and that [s]he acted with reasonable diligence throughout the period [s]he seeks to toll." Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014) (quoting Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir. 2013)). I find no reason to grant such relief sua sponte. Therefore, all FLSA claims are limited to violations occurring after February 1, 2013. Litras, 2013 WL 4118482, at *6; Moran, 2007 WL 2142343, at *4. In addition, FLSA claims brought by the following plaintiffs, who were not employed by defendant after February 1, 2013, are dismissed from the case: Unica George (employed until 2010); Unicey Deshields (employed until 2011); Catherine Jessamy (employed until December 2012);

Beverly Caldwell (employed until June 2011); Morine Wright (employed until November 2011); Elaine Clarke (employed until May 2010); Myrna Thomas (employed until December 2010); Jacqueline Ellis (employed until May 2012); Carmen Pownall (employed until 2012); and Eunice Stafford (employed until December 2012). FAC Ex. 1, ECF 43-1.[10]

### b. Employer Knowledge

Defendants contend that plaintiffs fail to sufficiently plead violations of the FLSA and NYLL because they do not "allege that a single employee ever told anyone at Project OHR that this was occurring or that Project OHR knew that it was occurring." Defs.' Memo. at 15. However, the prima facie case for wage and overtime violations does not require demonstrating employer knowledge. See Connolly v. Smugglers' Notch Mgmt. Co., No. 2:09-CV-131, 2009 WL 3734123, at *2 (D. Vt. Nov. 5, 2009) (listing elements of prima facie case under FLSA) (citing Reich v. S. New England Telecomms. Corp., 121 F.3d 58, 67 (2d Cir.1997)). Therefore, the motion to dismiss is denied on this ground.[11]

---

[10] The statute of limitations is an affirmative defense, and "[t]he pleading requirements in the Federal Rules of Civil Procedure . . . do not compel a litigant to anticipate potential affirmative defenses . . . and to affirmatively plead facts in avoidance of such defenses." Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007) (citing Jones v. Bock, 549 U.S. 199 (2007)). However, "the Court may . . . dismiss an action based on the statute of limitations if, on the face of the complaint, it is clear that the claim is untimely." Atlantic Int'l Movers, LLC v. Ocean World Liners, Inc., 914 F. Supp. 2d 267, 279 (E.D.N.Y. 2012) (quoting FTA Mkt. Inc. v. Vevi, Inc., No. 11-CV-2789, 2012 WL 383945, at *3 (S.D.N.Y. Feb. 1, 2012); see also Galin v. Hamada, No. 15-cv-6992 (JMF), 2016 WL 2733132, at *2 (S.D.N.Y. May 10, 2016) ("[A] court may grant a motion to dismiss based on an affirmative defense only if, on the face of the complaint, the defense 'clearly' applies." (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)); Bridgeforth v. Bartlett, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (dismissing habeas complaint where facts alleged in complaint showed that prisoner had failed to satisfy the administrative exhaustion requirement). Here, there is no doubt that the statute of limitations applies to the listed plaintiffs. Plaintiffs need no discovery in order to discern the approximate start and end dates of their employment. Plaintiffs already have this information; indeed, it is affirmatively pled. See FAC Ex. 1.

[11] In support of this argument, defendants cite cases whose holdings rely on the factual

### c. Joint Employers

Defendants argue that plaintiffs have not sufficiently pled that Met Council and Kohn are employers within the meaning of the FLSA and NYLL. Defs.' Mem. at 20. Judge Cote addressed this question on a motion to dismiss with respect to the same defendants, and on the basis of nearly identical allegations. Compare FAC ¶ 15 (Kohn "had and exercised the right to hire and fire, control the performance and evaluation of Plaintiffs' work and set schedules, wage rates and other terms and conditions of Plaintiffs' employment.") with Severin v. Project OHR, Inc., No. 10 CIV. 9696 DLC, 2011 WL 3902994, at *6 (S.D.N.Y. Sept. 2, 2011) ("Plaintiffs assert that in her capacity as Executive Director of Project OHR, Kohn controlled personnel decisions, and had the power to hire and fire, set wages, and otherwise control the terms and conditions of the plaintiffs' employment."); compare FAC ¶17 ("Defendants OHR and Met at all times herein relevant shared corporate resources, owners, assets, liabilities, funds, bank accounts, office space, facilities, equipment, contracts, officers, directors, employees and contractors.") with Severin, 2011 WL 3902994, at *7 ("Plaintiffs allege a relationship between Project OHR and Met Council, including Met Council's oversight of Project OHR. Nothing in the Complaint, however, indicates that Met Council had a role in Project OHR's personnel decisions.").

In short, Judge Cote reasoned that because plaintiffs alleged that Kohn, but not Met Council, controlled personnel decisions, plaintiffs had sufficiently alleged that Kohn, but not Met Council, was an employer subject to the FLSA and NYLL. Severin, 2011 WL 3902994, at *6-7.

---

record, which is not available at a motion to dismiss. See Kubel v. Black & Decker, Inc., 643 F.3d 352, 361 (2d Cir. 2011) (appeal from a motion for summary judgment); Joza v. WW JFK LLC, 2010 U.S. Dist. LEXIS 94419, at *20 (E.D.N.Y. Sept 9. 2010) (verdict after trial). Defendants cite no case --- and I am aware of none --- requiring plaintiffs alleging FLSA wage and overtime violations to plead employer knowledge.

Finding her reasoning persuasive, I follow it here. For the reasons Judge Cote explains in her opinion, the claims against Kohn are not dismissed and the claims against Met Council are dismissed.

### d. Class Allegations

Defendants contend that the court should strike all class allegations because plaintiffs cannot meet the commonality and typicality requirements of Rule 23. Defs.' Mem. at 23-25. On a motion to dismiss, "a motion to strike class claims is considered premature if the issues raised are 'the same ones that would be decided in connection with determining the appropriateness of class certification under Rules 23(a) and 23(b).'" Kassman v. KPMG LLP, 925 F. Supp. 2d 453, 464 (S.D.N.Y. 2013) (quoting Rahman v. Smith & Wollensky Rest. Grp., Inc., No. 06 Civ. 6198(LAK)(JCF), 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008)). A motion to strike brought under Rule 12 is disfavored because "it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete [] discovery . . . on questions relevant to class certification." Calibuso v. Bank of Am. Corp., 893 F. Supp. 2d 374, 383 (E.D.N.Y. 2012) (original alterations and internal quotations omitted) (quoting Ironforge.com v. Paychex, Inc., 747 F. Supp. 2d 384, 404 (W.D.N.Y. 2010)).

Here, as in Kassman, "[defendants'] objections go to whether Plaintiffs can satisfy the requirements of Rule 23(a)(2), (b)(2), and b(3)." 925 F. Supp. 2d at 464. Therefore, the motion to strike class allegations is denied as procedurally premature, "without prejudice to the [defendants'] ability to oppose class certification [or certification as an FLSA collective action] on these same grounds." Id. at 464-65 (quoting Winfield v. Citibank, N.A., 842 F. Supp. 2d 560, 574 (S.D.N.Y. 2012)).

### e. New Plaintiffs

Finally, defendants object that plaintiffs added two new plaintiffs, Cicely Daly and Anna Garvey, to the caption of the FAC "[w]ithout leave." Defs.' Suppl. Mem. at 1 n.2. While the court did not specifically approve additional parties, I did grant plaintiffs leave to amend their complaint. Tr. Of Proceedings (Oct. 4, 2016), Suppl. Decl. Kevin J. O'Connor, Esq. Supp. Mot. Dismiss Am. Compl. Pursuant Fed. R. Civ. P. 12(b)(6) & Strike Class Allegations, Ex. A, ECF No. 44-2, at 5:14-19.

"[W]hen adding new named plaintiffs in a class action . . . [courts in this circuit] focus on whether the new plaintiff's claims were reasonably foreseeable and whether their addition would prejudice the defendants." Beach v. Citigroup Alt. Invest., LLC, No. 12 Civ. 7717(PKC), 2014 WL 904650, at *19 (S.D.N.Y. Mar. 7, 2014); see also In re Simon II Litig., 211 F.R.D. 86, 146 (E.D.N.Y. 2002) ("The burden is on defendants to prove that [they] will suffer substantial prejudice in a legal sense as a result of adding new plaintiffs in a class action."), vacated on other grounds 407 F.3d 125 (2d Cir. 2005). Defendants have not argued that the addition of these two parties causes them any prejudice. Cf. Sapon v. Cherry Hill Market Corp., No. 10-CV-5616(FB)(MDG), 2014 WL 4794231, at *1-2 (E.D.N.Y. Sept. 25, 2014) (rejecting defendant's objections to permitting amendment of complaint to add new plaintiffs to case brought under FLSA and NYLL after class certification was denied).

To join an FLSA collective action, a potential plaintiff must affirmatively join the action by filing a written consent with the court. 29 U.S.C. § 216(b). Daly has already complied with this requirement. See Consent (Sept. 1, 2016), ECF No. 41, at 6. I assume that Garvey will comply with this requirement in a timely manner.[12] Therefore, Cicely Daly and Anna Garvey

---

[12] However, as of the writing of this opinion, Daly is the only plaintiff to have filed her

may join this action.

## CONCLUSION

For the reasons explained above, the motion to strike class allegations is denied. The motion to dismiss is granted in part and denied in part. The motion to dismiss is granted with respect to defendant Met Council.

With respect to the remaining two defendants, the motion to dismiss failure to pay minimum wage claims arising under the FLSA and NYLL is granted. The motion is denied with respect to the New York wage theft claim, except that the motion is granted with respect to violations of NYLL § 195(1)(a) for the following plaintiffs: Unica George, Unicey Deshields, Beverly Caldwell, Morine Wright, Elaine Clarke, and Myrna Thomas.

The motion to dismiss failure to pay overtime claims arising under the FLSA and NYLL is granted with respect to the following plaintiffs:

> Judy Bonn-Wittingham; Melva Jones; Germita Fremont; Maisie Beckford; Lena Barton; Dulcie Jones; Greta Keiser; Enid Lewis; Marie Paula Eugene; Gloria Bent; Grace Yarde; Linda Henderson; Vesta Douglas; Evelyn Cima; Merle Hoyte; Octavia Crick; Albertina Thomas; Suzy Dorce; Mary P. Eugene; Albertha Fenelon; Parbati Singh; Verna Ricketts; Gillian Bowen; Faril Best; Cornelious Green; Margaret Younge; Gladys Enriquez; Olive Dutchin; Mignan Barry; Sheran James; Debbie Ann Brown; Pauline Grant; Irma Anderson; Omodele Johnson; Adalsie Houston; Cecilia Best; Martha Groves; Launa Jones; Angela Armstrong; Ionie Senior; Yvonne Lewis; Margaret Cotterell; Marie Yanick Joseph; Ella Pompey; Marie-L Gilles; Marie Milord; Marie D. Pierre; Merle Lopez; Beverline Grant; Elaine Taylor; Linnett Williams; Roxanne Cambridge; Kathlene Morgan; Sawarie Ramlochan; Anne Marie Morgan; Leonie Hussett; Linette Cornwall; Fay

---

written consent to join this action with the court. "The requirement of written consent applies to each individually-named plaintiff. As a result, notwithstanding the fairly obvious inference of consent to sue that could normally be drawn from a plaintiff's affirmative act of filing suit, the case law holds that a plaintiff who does not timely file an explicit statement of consent to join his own lawsuit risks dismissal or the limitation of otherwise available damages." Suarez v. S & A Painting & Renovation Corp., No. 08-CV-2984(CPS)(JO), 2008 WL 5054201, at *1 n.1 (S.D.N.Y. Nov. 21, 2008) (citing El v. Potter, No. 01 Civ. 6125(RWS), 2004 WL 2793166, at *8 (S.D.N.Y. Dec. 6, 2004)). Plaintiffs are directed to comply with this requirement in a timely manner.

Mckenzie; Marie Dorsainville; Carmel Anderson; Yolanda Gayle; Pauline Clarke; Alvira Henry; Lynette Vyent; Sylvia Hoyte; Una Seale; Lorente Simeon; Pearline Donaldson-Reid; Judy Taylor; Lynette A. Williams; Caroline Long; Marjorie Johnson; Doretta Thomas; Velda Mayers; Yvonne Mack; Isolyn Palmer; Donna Headley; Claudette Grimes; Seorajni Persaud; Neela Warden; Eileen Tucker; Annette Davis; Carmen Pelzer; Ann Sabal; Jacqueline Ellis; Syliva Peters; Marie Laguerre; Tanisha Gooden; Elsie Collins; Beverly Royal Mcpherson; Audrey Crosdale; Mariya Sudnishikova; Walentina Ruszczyk; Hoda Hassane; Huguette Nelson; Sandra Mcintosh; Yveline M. Beauchamp; Julieth Melbourne; Adeline Jermain; Gislaine Jocelyn; Marina Bessarabova; Marthe Latour; Jeanine Elie; Vitold Stankevich; Zoia Stankevitch; Crystal Edwards; and Josefina Arias.

The following plaintiffs' surviving FLSA claims are dismissed as barred by the statute of limitations: Unica George; Unicey Deshields; Catherine Jessamy; Beverly Caldwell; Morine Wright; Elaine Clarke; Myrna Thomas; Jacqueline Ellis; Carmen Pownall; and Eunice Stafford.

Finally, the following persons have been added as individual plaintiffs: Cicely Daly and Anna Garvey. The clerk is directed to update the caption accordingly.

SO ORDERED.

S/ Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated:        December 12, 2016
              Brooklyn, New York