UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
JUDY BONN-WITTINGHAM; MELVA JONES;                                      :    16-CV-541 (ARR)(JO)
GERMITA FREMONT; MAISIE BECKFORD; LENA                                  :
BARTON; DULCIE JONES; UNICA GEORGE; GRETA                               :    NOT FOR ELECTRONIC
KEISER; ENID LEWIS; MARIE PAULA EUGENE;                                 :    OR PRINT PUBLICATION
GLORIA BENT; GRACE YARDE; LINDA                                         :
HENDERSON; VESTA DOUGLAS; EVELYN CIMA;                                  :    OPINION & ORDER
MERLE HOYTE; OCTAVIA CRICK; ALBERTINA                                   :
THOMAS; UNICEY DESHIELDS; SUZY DORCE;                                   :
IMMACULA AUGUSTE; MARY P. EUGENE;                                       :
ALBERTHA FENELON; PARBATI SINGH; GILLIAN                                :
BOWEN; FARIL BEST; CORNELIOUS GREEN;                                    :
MARGARET YOUNGE; GLADYS ENRIQUEZ; OLIVE                                 :
DUTCHIN; MIGNAN BARRY; SHERAN JAMES;                                    :
DEBBIE ANN BROWN; PAULINE GRANT;                                        :
CATHERINE JESSAMY; BEVERLY CALDWELL;                                    :
IRMA ANDERSON; MARIE AFREH; SHIRLEY                                     :
EDWARDS; OMODELE JOHNSON; THEMA JAMES;                                  :
ADALSIE HOUSTON; ROSEANNE CRANDON;                                      :
CECILIA BEST; MARTHA GROVES; LAUNA JONES;                               :
ANGELA ARMSTRONG; IONIE SENIOR; YOLANDE                                 :
JEAN-BART; MORINE WRIGHT; YVONNE LEWIS;                                 :
ANITA LUBIN; ELAINE CLARKE; MARIE                                       :
FLEURIMONT; MARGARET COTTERELL; MARIE                                   :
YANICK JOSEPH; ELLA POMPEY; MYRNA THOMAS;                               :
MARIE-L GILLES; EUNICE STAFFORD;  MARIE                                 :
MILORD; MARIE D. PIERRE; MERLE LOPEZ;                                   :
BEVERLINE GRANT; ELAINE TAYLOR; LINNETT                                 :
WILLIAMS; ROXANNE CAMBRIDGE; KATHLENE                                   :
MORGAN; SAWARIE RAMLOCHAN; ANNE MARIE                                   :
MORGAN; LEONIE HUSSETT; LINETTE CORNWALL;                               :
FAY MCKENZIE; MARIE DORSAINVILLE; CARMEL                                :
ANDERSON; YOLANDA GAYLE; PAULINE CLARKE;                                :
ALVIRA HENRY; JOAN LEACOCK; LYNETTE                                     :
VYENT; MARIE MONPREMIER; SYLVIA HOYTE;                                  :
UNA SEALE; LUCY INEUS; LORENTE SIMEON;                                  :
BETTY ANNE ALEXANDER; CARMEN POWNALL;                                   :
JUDY TAYLOR; LYNETTE A. WILLIAMS; FLORENCE                              :
CUVILLY; JEANETTE BRICE; CAROLINE LONG;                                 :
MARJORIE JOHNSON; GERDA ANTOINE; DORETTA                                :
THOMAS; VELDA MAYERS; ELIZA HAMILTON;                                   :
VANETTA GRANT; PATRICIA COSMAS; DONNA                                   :
HEADLEY; CLAUDETTE GRIMES; SEORAJNI                                     :

PERSAUD; NEELA WARDEN; EILEEN TUCKER;
ANNETTE DAVIS; CARMEN PELZER; ANN SABAL;
JACQUELINE ELLIS; JOAN MARAGH; SYLIVA
PETERS; JUILETTE HAMILTON; MARIE LAGUERRE;
TANISHA GOODEN; IMMACULA DORISMOND;
ELSIE COLLINS; BEVERLY ROYAL MCPHERSON;
AUDREY CROSDALE; MARIYA SUDNISHIKOVA;
WALENTINA RUSZCZYK; HODA HASSANE;
SANDRA MCINTOSH; YVELINE M. BEAUCHAMP;
JULIETH MELBOURNE; ADELINE JERMAIN;
GISLAINE JOCELYN; MIROSLAWA BARTOLD;
MARINA KISINA; MARINA BESSARABOVA;
MARTHE LATOUR; JEANINE ELIE; MARIE
LONGUEFOSSE; LUDMILLA ARMONAVICA; ESTHER
LOPEZ; JANINA WERYNSKA; CONSESORA LIRIANO;
MARIANELA SORIANO; MERCEDES GARCIA;
LIDIYA BERDNKOVA; KRYSTYNA BUNKOWSKA;
VITOLD STANKEVICH; ZOIA STANKEVITCH;
ANATALIE JEAN; ROMANA JAVIER; ANA M.
GOMEZ; CANDIDA PAREDES; MARIE GRAND-
PIERRE; ALMA ARIZA; CRYSTAL EDWARDS;
PRISCILLA JENKINS; TERESA RUDNICKI; BARBARA
ROSLANIEC; JEMMA LEWIS; SOPHI BUNBURY;
DANUTA MALMON; NELI KORINTELI; ASYA
CHERNINA; JOSEFINA ARIAS; MARIE PLAISIR;
EUGENEA GORBACHEVA; BARNO AKHTAMOVA;
SVETLANA SHAPOSHNIK; LYUDMILLA
ARTANOSHINA; CICELY DALY; and ANNA GARVEY,

        Plaintiffs,

on behalf of themselves and all others similarly situated

   -against-

PROJECT O.H.R. (OFFICE FOR HOMECARE
REFERRAL), INC. and D'VORAH KOHN,

        Defendants.
-----------------------------------------------------------------------X

ROSS, United States District Judge:

      Plaintiffs are home health care workers who bring, individually and as putative class

representatives, Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL")

2

claims against their former employer for unpaid wages and other labor law violations. Fourth Am. Compl. & Class Action Compl., ECF No. 43 ("FAC"). On July 1, 2016, defendants moved to dismiss the complaint and strike class allegations. Notice Mot. Dismiss Am. Compl. Pursuant Fed. R. Civ. P. 12(b)(6) & Strike Class Allegations, ECF No. 37. The court subsequently held a conference with the parties, directing plaintiffs to controlling case law with respect to the pleading standard for FLSA cases brought by home health care workers. Tr. of Proceedings (Oct. 4, 2016), Suppl. Decl. Kevin J. O'Connor, Esq. Supp. Mot. Dismiss Am. Compl. Pursuant Fed. R. Civ. P. 12(b)(6) & Strike Class Allegations Ex. A, ECF No. 44-2, at 4:8-10. At the same conference, plaintiffs agreed that the next amended complaint would be their last and best. Id. at 5:14-19. The FAC was filed on October 18, 2016. FAC.

Defendants then renewed their motion to dismiss. Suppl. Mem. Law Supp. Defs.' Mot. Dismiss "Fourth" Am. Compl., ECF No. 44. The court dismissed (1) all claims against defendant Met Council; (2) failure to pay minimum wage claims with respect to all plaintiffs; (3) failure to pay overtime claims with respect to plaintiffs working twenty-four hour shifts who alleged less than four such shifts in a given workweek; and (4) FLSA claims brought by various plaintiffs as barred by the statute of limitations. See Opinion & Order (Dec. 12, 2016) ("Dec. 12 Order"), ECF No. 48. Plaintiffs now move for reconsideration of the portions of the Dec. 21 Order dismissing the minimum wage and overtime claims of plaintiffs who worked twenty-four hour shifts and alleged less than four such shifts in an given workweek. Pls.' Mem. Law Supp. Pls.' Mot. Relief Court's 12/14/16 Opinion & Order ("Pls.' Mem."), ECF No. 68-1, at 2 n.1. For the reasons set forth below, plaintiffs' motion for reconsideration is denied.

## BACKGROUND

The factual and procedural background of this case is set forth in detail in the Dec. 12 Order. Familiarity with the Dec. 12 Order is presumed for purposes of this opinion and order.

## DISCUSSION

"The standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). "As to the third circumstance, [the court] will not review the decision unless [it] ha[s] 'a clear conviction of error on a point of law that is certain to recur'; '"mere doubt" will not' suffice." United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989) (quoting Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)).

"These criteria are strictly construed against the moving party so as to avoid repetitive arguments that have been considered fully by the court." Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (citing Monaghan v. SZS 33 Assocs., 153 F.R.D. 60, 65 (S.D.N.Y. 1994)). In other words, a motion for reconsideration is not an opportunity to "secur[e] a rehearing on the merits, or otherwise tak[e] a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiffs present no argument for reconsideration with respect to the minimum wage claim; their discussion of this aspect of the Dec. 12 Order is limited to a footnote asserting that "Plaintiffs seek relief as to the minimum wage . . . claims of those Plaintiffs who worked 24 hour, or sleep-in, shifts. . . ." Pls.' Mem. at 2 n.1. As plaintiffs have failed to identify any grounds for granting a motion for reconsideration with respect to the minimum wage claim, such relief is denied.

With respect to the overtime claims, plaintiffs identify no intervening change in controlling law nor new evidence. plaintiffs argue that the court (1) did not take the complaint's pleaded facts as true, Pls.' Mem. at 4-5, (2) failed to draw all reasonable inferences in favor of plaintiffs, id. at 5-6, and (3) misapplied controlling precedent, id. at 7-8.[1]

Plaintiffs object to my conclusion that certain plaintiffs who worked twenty-four hour shifts did not sufficiently allege work in excess of forty hours per week, as required to plead a claim for overtime under the FLSA or NYLL. As explained in the Dec. 12 Order, the FAC alleged a policy by defendants of deducting pay for eight hours of sleep and three hours of meal time per twenty-four hour shift, regardless of whether such breaks were actually taken. Dec. 12 Order at 10-11. This deduction comports with the FLSA and NYLL as long as plaintiffs actually received five hours of uninterrupted sleep and three hours for meals. Id. at 11. Therefore, I concluded that plaintiffs alleging only two or three twenty-four hour shifts in a given workweek must also allege work during these scheduled breaks sufficient to bring their total weekly hours above forty. Id. at 12.

In their motion for reconsideration, the use of the word "worked" in the FAC was

---

[1] Plaintiffs' memorandum also includes a section entitled, "The Court's Order is Inconsistent with Rule 8." Id. at 8. However, this section merely explains the history of Fed. R. Civ. P. 8. See id. at 8-9.

sufficient to allege that plaintiffs worked continuously (i.e. without breaks) throughout their shifts. Pls,' Mem. at 4. However, this conclusory approach to pleading work during scheduled breaks was rejected by the Second Circuit in <u>Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.</u>, 723 F.3d 192 (2d Cir. 2013). <u>See</u> Dec. 12 Order at 12 ("Indeed, the allegations in the FAC are similar to those found insufficient in <u>Nakahata</u>."). Plaintiffs further argue that their allegations that (1) they "rarely if ever" received breaks and (2) that pay was deducted for breaks regardless of whether breaks were taken "specifically plead[] that they did not receive sleeping or meal breaks and worked through said periods on the dates cited." Pls.' Mem. at 6. However, no allegation in the FAC connects these generalized complaints to the weeks during which plaintiffs worked multiple twenty-four hour shifts. Under controlling precedent, this does not suffice. <u>See</u> <u>Nakahata</u>, 723 F.3d at 196 (allegation that plaintiffs "engage in work activities both before and after their shift without compensation" insufficient to state a claim).[2]

Plaintiffs further argue that their bare allegations that plaintiffs "worked" and "rarely if ever" received breaks suggest a reasonable inference that, during a given workweek, plaintiffs received no breaks. Pls,' Mem. at 5-6. This inference is not reasonable. Notably, plaintiffs pled that they worked two or three twenty-four hour shifts <u>consecutively</u>. FAC ¶¶ 38-43. It is not reasonable to infer that both plaintiffs and their elderly and infirm clients went without sleep for forty-eight or seventy-two consecutive hours, or that plaintiffs failed to take breaks for meals during that entire time. Dec. 12 Order at 13. If that were the case, plaintiffs had every

---

[2] Plaintiffs also misapprehend the use of conditional language in the Dec. 12 Order. Plaintiffs argue that "The Court . . . decided that Plaintiffs only worked thirteen hours of each twenty-four hour shift." Pls.' Mem. at 5 (citing Dec. 12 Order at 12). In fact, I did not so hold. That portion of my opinion stated, "<u>If</u> the plaintiffs worked only the scheduled thirteen hours per shift, most of the Sleep In Plaintiffs do not allege a week in which they worked more than forty hours." Dec. 12 Order at 12 (emphasis added).

opportunity to include such allegation in their amended complaint.[3]

Furthermore, as explained in the Dec. 12 Order, for plaintiffs working two consecutive sleep in shifts, "I would have to assume that they took fewer than eight hours to sleep and/or eat during the course of forty-eight consecutive hours of work" during the specific weeks alleged in order for these plaintiffs to allege forty hours of work. Id. Such a workweek would be exhausting and memorable. Indeed, these plaintiffs were able to identify the specific weeks in which they worked two consecutive twenty-four hour shifts; they should also have been able to provide some details about the "length and frequency . . . of unpaid work," as required by Nakahata, 723 F.3d at 201.[4] But plaintiff may not supplement their allegations via a motion for reconsideration brought after three amendments to their complaint and two rounds of briefing on defendants' motion to dismiss.

Finally, plaintiffs' arguments about the proper interpretation of Second Circuit precedent are not proper on a motion for reconsideration, as these cases were already addressed in the Dec. 12 Order.

---

[3] Plaintiffs also assert that "[f]or some reason, the Court accepted as true the 12 hour shift Plaintiffs' allegations that they worked through the entirety of their shifts but discredited the identical allegation made by the 24 hour shift Plaintiffs." Pls.' Mem. at 6. However, as explained in the Dec. 12 Order, the allegations made with respect to the two groups of plaintiffs were not "identical," as plaintiffs now argue. Id. First, the complaint itself alleges a break policy for plaintiffs working twenty-four hour shifts. FAC ¶ 34. Second, while it is not unreasonable to infer that plaintiffs worked twelve consecutive hours without breaks, such inference is unreasonable with respect to shifts amounting to forty-eight or seventy-two consecutive hours, without details regarding which breaks plaintiffs allegedly worked through. Dec. 12 Order at 13.

[4] A similar analysis applies to plaintiffs working three consecutive twenty-four hour shifts. See Dec. 12 Order at 13.

## CONCLUSION

In short, plaintiffs' motion presents no new arguments, misstates the import of the Dec. 12 Order, and is otherwise a naked attempt to relitigate the motion to dismiss. For all of these reasons, plaintiffs' motion for reconsideration is denied.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: March 15, 2017
Brooklyn, New York