UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                                :

JUDY BONN-WITTINGHAM;                       :     16-CV-541 (ARR)(JO)
MELVA JONES;                                                     :
GERMITA FREMONT;                                        :     <u>NOT FOR ELECTRONIC</u>
MAISIE BECKFORD;                                          :     <u>OR PRINT PUBLICATION</u>
LENA BARTON;                                                      :
DULCIE JONES;                                                   :     <u>OPINION & ORDER</u>
UNICA GEORGE;
GRACE YARDE;
LINDA HENDERSON;
VESTA DOUGLAS;
EVELYN CIMA;
MERLE HOYTE;
OCTAVIA CRICK;
ALBERTINA THOMAS;
ET AL.,

        Plaintiffs,

on behalf of themselves and all others similarly situated

   -against-

PROJECT O.H.R. (OFFICE FOR HOMECARE
REFERRAL), INC. and D'VORAH KOHN,

        Defendants.
-------------------------------------------------------------------- X

ROSS, United States District Judge:

      Plaintiffs are home health care workers who bring, individually and as putative class representatives, Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims against their former employer for unpaid wages and other labor law violations. Fourth Am. Compl. & Class Action Compl., ECF No. 43. By opinion and order dated December 12, 2016, I dismissed, <u>inter alia</u>, failure to pay minimum wage claims and failure to pay overtime claims with respect to plaintiffs working twenty-four hour shifts who alleged less than four such

shifts in a given workweek. See Opinion & Order (Dec. 12, 2016) ("Dec. 12 Order"), ECF No. 48.[1] Plaintiffs subsequently moved for reconsideration of these rulings, arguing that the court did not take the complaint's pleaded facts as true, failed to draw all reasonable inferences in favor of plaintiffs, and misapplied controlling precedent. See Opinion & Order (Mar. 15, 2017) ("Mar. 15 Order"), at 5, ECF No. 69. I denied this motion. Id. at 8. Plaintiffs now once again move for reconsideration of the same portion of the Dec. 12 Order, arguing that a New York state intermediate court decision constitutes a change in controlling law. Pl.'s Mem. Law Supp. Pls.' Mot. Relief From Court's 12/14/16 Opinion & Order ("Pl.'s Mem."), at 5, ECF No. 71 (citing Tokhtaman v. Human Care, LLC, -- N.Y.S.3d --, 2017 WL 1322304 (N.Y. App. Div. Apr. 11, 2017)). Because this motion is not timely and Tokhtaman is not controlling law, this motion is denied.

First, motions for reconsideration are governed by Rule 6.3 of the Local Civil rules of the United States District Courts for the Southern and Eastern Districts of New York. Rule 6.3 provides that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Local Civ. R. 6.3. Plaintiffs filed their notice of motion on May 6, 2017, almost five months after my determination of the original motion. In fact, plaintiffs' first motion for reconsideration was also untimely. See Pls.' Not. Mot. For Relief From Court's 12/14/16 Opinion & Order, ECF No. 68 (filed on March 8, 2017). While a court may consider a motion for reconsideration on the merits despite its untimely filing, failure to comply with Rule 6.3 warrants dismissal of plaintiffs' motion. See Commercial Union Ins. Co. v. Blue Water Yacht

---

[1] The factual and procedural background of this case is set forth in detail in the Dec. 12 Order, familiarity with which is presumed for purposes of this opinion and order.

Club Ass'n, 289 F. Supp. 2d 337, 339–40 (E.D.N.Y. 2003) (finding that motion for reconsideration citing a change in intervening authority is subject to Rule 6.3's time limit (citation omitted)).[2]

Second, plaintiffs' motion is meritless. While reconsideration is appropriate where there has been an intervening change in controlling law, "persuasive but nonbinding authority . . . does not constitute a point of law or fact that mandates reconsideration." See Analytical Surveys, Inc. v. Tonga Partners, L.P, No. 06 Civ. 2692(KMW)(RE), 2009 WL 1514310, at *3 n. 9 (S.D.N.Y. May 29, 2009) (quoting In re: Trace Int'l Holdings, Inc. et al., No. 04-Civ-1295, slip op. at *7 (S.D.N.Y. Sept. 15, 2006)). With respect to plaintiffs' FLSA claims, "[c]ontrolling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts." Cobalt Multifamily Investors I, LLC v. Shapiro, No. Civ. 6468(KMW)(MHD), 2009 WL 4408207, at *2 (S.D.N.Y. Dec. 1, 2009) (quoting Langsam v. Vallarta Gardens, No. 08-2222, 2009 WL 2252612, at *2 (S.D.N.Y. July 28, 2009)). Plaintiffs have presented no authority warranting reconsideration of my decision to dismiss the FLSA claims.

With respect to plaintiffs' NYLL claims, "the [c]ourt is not bound by rulings of intermediate or lower state courts on an issue on which the highest court of the state has not spoken," Commercial Union Ins. Co., 289 F. Supp. 2d at 341 (citing Harem–Christensen Corp. v. M.S. Frigo Harmony, 477 F.Supp. 694, 697 (S.D.N.Y. 1979)). Plaintiffs admit that New York's highest court has not ruled on the relevant issue. Pl.'s Mem. at 6.

Further, while courts do "examine decisions of lower state courts to determine whether it is reasonable to assume that they present the current status of that state's law," Commercial

---

[2] Further, I will not consider any additional untimely motions for reconsideration.

3

Union Ins. Co., 289 F. Supp. 2d at 341 (citing Kuwait Airways Corp. v. Ogden Allied Aviation Servs., 726 F. Supp. 1389, 1395 n.13 (E.D.N.Y. 1989)), I find that the New York Court of Appeals is not likely to follow Tokhtaman. The Tokhtaman court reasoned that New York Department of Labor regulations allow only residential employees "who live on the premises of the employer" not be paid during sleeping or break hours, and therefore rejected a March 11, 2010 Department of Labor ("DOL") opinion letter providing that the working hours of live in employees should not include certain sleeping and break hours. Tokhtaman, 2017 WL 1322304, at *1 (first quoting 12 N.Y.C.R.R. 142-2.1(b)(1)-(2), then citing N.Y. Dep't of Labor, Counsel Opinion Letter, RO-09-00169, Live-In Companions (March 11, 2010) ("DOL Letter")). The court therefore held that an employee who maintains her own residence, although alleging work at her employer's home twenty-four hours a day, seven days a week, must be paid for all one hundred and sixty-eight hours of work per week. Id.

However, "an agency's interpretation of its own regulation generally is entitled to deference" by courts. Visiting Nurse Srv. of N.Y. Home Care v. N.Y. State Dep't of Health, 840 N.E.2d 557, 506 (N.Y. 2005); see also Samiento v. World Yacht Inc., 883 N.E.2d 990, 995 (N.Y. 2008) ("The Labor Department's interpretation of a statute it is charged with enforcing is entitled to deference. The construction given statutes and regulations by the agency responsible for their administration, 'if not irrational or unreasonable,' should be upheld." (quoting Matter of Chesterfield Assoc. v. N.Y. State Dep't of Labor, 830 N.E. 287, 292 (N.Y. 2005))). The DOL Letter's reasoning is not irrational or unreasonable. It explains that the NYLL makes a distinction "between 'on call' and 'subject to call' time as employees must be paid [only] for all time spent 'on call.'" DOL Letter at 3. Non-compensated "subject to call" time occurs when "employees are permitted to leave the work room . . . between work assignments to engage in

4

personal pursuits and activities." Id. It is not unreasonable for DOL to conclude that home health aides are only "subject to call" at times that they are sleeping or eating in a room separate from their client. See Moreno v. Future Care Health Srvs., No. 500569/13, 2015 N.Y. Misc. LEXIS 3371, at *8-9 (N.Y. Sup. Ct. May 4, 2015) ("The DOL opinion letter, in which the DOL states what constitutes working hours for live-in employees for purposes of a statute and regulation that it is charged with enforcing, is entitled to deference in that the interpretation of what constitutes availability for work does not run counter to the clear wording of the statute and regulations at issue." (citation omitted)).

Nor, contrary to the Appellate Division's conclusion in Tokhtaman, does the DOL Letter "conflict[] with the plain language of the promulgated language," Tokhtaman, 2017 WL 1322304, at *1 (quoting Visiting Nurse Srv., 840 N.E. 2d at 506). The statute defines "residential employee" only as one "who live[s] on the premises of the employer." 12 N.Y.C.R.R. 142-2.1(b)(1)-(2). It does not provide that such employees must live with the employer full time. It is not unreasonable to treat home health aides working "live in" shifts as living part time with their clients, as the DOL Letter apparently does. See DOL Letter at 4. Therefore, I find that Tokhtaman does not represent a change in controlling law.

For these reasons, plaintiffs' motion for reconsideration is denied.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge


Dated:       May 17, 2017
              Brooklyn, New York