<table>
<tr>
<td>UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>JUDY BONN-WITTINGHAM, MELVA JONES, GERMITA FREMONT, MAISIE BECKFORD, LENA BARTON, DULCIE JONES, UNICA GEORGE, GRETA KEISER, ENID LEWIS, MARIE PAULA EUGENE, GLORIA BENT, GRACE YARDE, LINDA HENDERSON, VESTA DOUGLAS, EVELYN CIMA, MERLE HOYTE, OCTAVIA CRICK, ALBERTINA THOMAS, UNICEY DESHEILDS, SUZY DORCE, IMMACULA AUGUSTE, MARY P. EUGENE, ALBERTHA FENELON, PARBATI SINGH, VERNA RICKETTS, GILLIAN BOWEN, FARIL BEST, CORNELIOUS GREEN, MARGARET YOUNGE, GLADYS ENRIQUEZ, OLIVE DUTCHIN, MIGNAN BARRY, SHERAN JAMES, DEBBIE ANN BROWN, PAULINE GRANT, CATHERINE JESSAMY, BEVERLY CALDWELL, IRMA ANDERSON, MARIE AFREH, SHIRLEY EDWARDS, OMODELE JOHNSON, THEMA JAMES, ADALSIE HOUSTON, ROSEANNE CRANDON, CECILIA BEST, MARTHA GROVES, LAUNA JONES, ANGELA ARMSTONG, IONIE SENIOR, YOLANDE JEAN-BART, MORINE WRIGHT, YVONNE LEWIS, ANITA LUBIN, ELAINE CLARKE, MARIE FLEURIMONT, MARGARET COTTERELL, MARIE YANICK JOSEPH, ELLA POMPEY, MYRNA THOMAS, MARIE-L GILLES, EUNICE STAFFORD, MARIE MILORD, MARIE D. PIERRE, MERLE LOPEZ, BEVERLENE GRANT, ELAINE TAYLOR, LINNETT WILLIAMS, ROXANNE CAMBRIDGE, KATHLENE MORGAN, SAWARIE RAMLOCHAN, ANNE MARIE MORGAN, LEONIE HUSSETT, LINETTE CORNWALL, FAY MCKENZIE, MARIE DORSAINVILLE, CARMEL ANDERSON, YOLANDA GAYLE, PAULINE CLARKE, ALVIRA HENRY, JOAN LEACOCK, LYNETTE VYENT, MARIE MONPREMIER, SYLVIA HOYTE, UNA SEALE, LUCY INEUS, LORENTE SIMEON, PEARLINE DONALDSON-REID, BETTYANNE ALEXANDER, OLGA CADET, CARMEN POWNALL, JUDY TAYLOR, LYNETTE A. WILLIAMS, FLORENCE CUVILLY, JEANETTE BRICE, CAROLINE LONG, MARJORIE JOHNSON, GERDA ANTOINE, DORETTA THOMAS, WALTERINE LEVIUS, VELDA MAYERS, ELIZA HAMILTON, YVONNE MACK, ISOLYN PALMER, VANETTA GRANT, PATRICIA COSMAS, DONNA HEADLEY, CLAUDETTE GRIMES, SEORAJNI</td>
<td>CIVIL ACTION NO.<br>16-CV-0541-JO<br><br>[PROPOSED]<br>SETTLEMENT<br>AGREEMENT</td>
</tr>
</table>

PERSAUD, NEELA WARDEN, EILEEN TUCKER, ANNETTE DAVIS, CARMEN PELZER, ANN SABAL, JACQUELINE ELLIS, JOAN MARAGH, SYLVIA PETERS, JUILETTE HAMILTON, MARIE LAGUERRE, TANISHA GOODEN, IMMACULA DORISMOND, ELSIE COLLINS, BEVERLY ROYAL MCPHERSON, AUDREY CROSDALE, MARIYA SUDNISHNIKOVA, WALENTINA RUSZCZYK, HODA HASSANE, HUGUETTE NELSON, SANDRA MCINTOSH, YVELINE M. BEAUCHAMP, JULIETH MELBOURNE, ADELINE JERMAIN, GISLAINE JOCELYN, MIROSLAWA BARTOLD, MARINA KISINA, MARINA BESSARABOVA, MARTHE LATOUR, JEANINE ELIE, MARIE LONGUEFOSSE, YPPOLIA DECOPAIN, LUDMILLA ARMONAVICA, ESTHER LOPEZ, JANINA WERYNSKA, CONSESORA LIRIANO, MARIANELA SORIANO, DIGNA GARCIA, PAULA GARCIA, MERCEDES GARCIA, LIDIYA BERDNKOVA, KRYSTYNA BUNKOWSKA,VITOLD STANKEVICH, ZOIA STANKEVICH, ANATALIE JEAN, RAMONA JAVIER, ANA M. GOMEZ, CANDIDA PAREDES, MARIE GRAND-PIERRE, ALMA ARIZA, CRYSTAL EDWARDS, PRISCILLA JENKINS, TERESA RUDNICKI, BARBARA ROSLANIEC, JEMMA LEWIS, SOPHI BUNBURY, CARMEN TORIBIO, DANUTA MALMON, NELI KORINTELI, ASYA CHERNINA, DAISY CASTILLO, JOSEFINA ARIAS, MARIE PLAISIR, EUGENEA GORBACHEVA, FARA CHACAN, BARNO AKHTAMOVA, SVETLANA SHAPOSHNIK, LYUDMILLA ARTANOSHINA, CICELY DALY, ANNA GARVEY,

Plaintiffs,

on behalf of themselves and all others similarly situated,

-against-

PROJECT O.H.R. (OFFICE FOR HOMECARE REFERRAL), INC., METROPOLITAN NEW YORK COORDINATING COUNCIL ON JEWISH POVERTY, and D'VORAH KOHN,

Defendants.

**SETTLEMENT AND RELEASE AGREEMENT**

**WHEREAS**, the plaintiffs in the above-captioned matter filed suit in this action against Defendants Project O.H.R. (Office for Homecare Referral), Inc. ("OHR"), Metropolitan New York Coordinating Council on Jewish Poverty ("Met Council"), and D'Vorah Kohn ("Kohn", and collectively with OHR and Met Council, "Defendants") alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") with respect to the payment of Plaintiffs' wages, including overtime and other wage regulations;

**WHEREAS**, Defendants have denied Plaintiffs' allegations, and have contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS**, on December 12, 2016, the Honorable Allyne Ross, U.S.D.J. entered an Order (hereinafter the "Dismissal Order") which dismissed Met Council from the action and determined that only sixty-two (62) of the named plaintiffs would be permitted the chance to pursue any remaining claims in the case, and wherein the Court dismissed the First and Third Causes of Action (FLSA and NY Minimum Wage) in their entirety, leaving the Second, Fourth and Fifth Causes of Action;

**WHEREAS**, as a result of the Dismissal Order, only the following named plaintiffs were permitted to take discovery and proceed with their claims as against only OHR and Kohn (the "Remaining Plaintiffs"):

1. Afreh, Marie;
2. Akhtamova, Barno;
3. Alexander, Bettyanne;
4. Antoine, Gerda;
5. Ariza, Alma;
6. Armonavica, Ludmilla;
7. Artamoshina, Lyudmilla;

8. Auguste, Immacula;
9. Berdnkova, Lidiya;
10. Bunkowska, Krystyna;
11. Bartold, Miroslawa;
12. Brice, Jeanette;
13. Bunbury, Sophi;
14. Caldwell, Beverly;
15. Chernina, Asya;
16. Clarke, Elaine;
17. Cosmas, Patricia;
18. Crandon, Roseanne;
19. Cuvilly, Florence;
20. Daly, Cicely;
21. Deshields, Unicey;
22. Dorismond, Immacula;
23. Edwards, Shirley;
24. Fleurimont, Marie;
25. Garcia, Mercedes;
26. Garvey, Anna;
27. George, Unica;
28. Gomez, Ana M.;
29. Gorbacheva, Eugenea;
30. Grand-Pierre, Marie;
31. Grant, Vanetta;
32. Hamilton, Eliza;
33. Hamilton, Juilette;
34. Ineus, Lucy;
35. James, Thelma;
36. Javier, Ramona;
37. Jean, Anatalie;
38. Jean-Bart, Yolande;
39. Jenkins, Priscilla;
40. Jessamy, Catherine;
41. Kisina, Marina;
42. Korinteli, Neli;
43. Leacock, Joan;
44. Lewis, Jemma;
45. Liriano, Consesora;
46. Longuefosse, Marie ;
47. Lopez, Esther;

48. Lubin, Anita;
49. Malmon, Danuta;
50. Maragh, Joan;
51. Monpremier, Marie;
52. Paredes, Candida;
53. Plaisir, Marie;
54. Pownall, Carmen;
55. Roslaniec, Barbara;
56. Rudnicki, Teresa;
57. Shaposhnik, Svetlana;
58. Soriano, Marianela;
59. Stafford, Eunice;
60. Thomas, Myrna;
61. Werynska, Janina; and
62. Wright, Morine.

**WHEREAS**, the claims of all other plaintiffs named in the caption or in Exhibit 1 to the Fourth Amended Complaint ("FAC") were dismissed with prejudice;

**WHEREAS**, the Remaining Plaintiffs and Defendants (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that the Remaining Plaintiffs have against Defendants, or may have against Defendants, arising under the FLSA, NYLL, and any other statute or ordinance governing the payment of wages by way of this Settlement and Release Agreement ("Agreement");

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively and in good faith, and attended a mediation as well as a settlement conference before the Court, to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to the Remaining Plaintiffs by Defendants of the amount of Three Hundred Twenty Five Thousand Dollars and Zero Cents ($325,000.00) (the "Settlement Amount"), as allocated below and in Exhibit "1" hereto, to which the Remaining Plaintiffs are not otherwise entitled, the Remaining Plaintiffs hereby release and forever discharge Defendants as well as their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by the Remaining Plaintiffs to be "employers," both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims asserted in the Action as well as any and all complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern violations or allegations of retaliation, unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, late payment, interest, liquidated damages, attorneys' fees and costs, and/or statutory penalties), or civil penalties purportedly owed to the Remaining Plaintiffs under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages, which the Remaining Plaintiffs, their respective heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the

Action. The Remaining Plaintiffs shall each receive the amount reflected on Exhibit "1" hereto, less lawful deductions, representing alleged back wages for which Forms W-2 will be issued to each of the Remaining Plaintiffs based upon the last Form W-4 that each of them has on file with OHR less lawful withholdings, with the sum of $100,000 to be paid from the settlement proceeds to Remaining Plaintiffs' counsel as his sole compensation for attorneys' fees and costs associated with his representation of the Remaining Plaintiffs in this matter.

2. Provided that: (1) each of the Remaining Plaintiffs has execute this Agreement; (2) Defendants' counsel receives: (i) this Agreement, fully executed and signed by each Remaining Plaintiff before a notary; (ii) an IRS W-9 form executed by Plaintiffs' counsel for the portion of the settlement proceeds being paid to Plaintiffs' counsel; and (iii) the Stipulation of Dismissal, in the form attached as "Exhibit 2," executed by Plaintiffs' counsel; and (3) the Court approves this settlement and endorses the Stipulation of Dismissal, the Settlement Amount shall be paid and delivered to David C. Wims, Esq., Law Office of David Wims, 1430 Pitkin Avenue, 2d Floor, Brooklyn, New York 11233, within twenty (20) days' of the Court's approval of this Agreement, in the form of checks to each of the Remaining Plaintiffs, and a check for $100,000 made payable to Plaintiffs' counsel.

3. Defendant OHR may issue an IRS form 1099 to Plaintiffs' counsel reflecting the amounts paid for attorneys' fees and costs pursuant to Paragraph 2, at the appropriate time. The foregoing IRS 1099 form(s) shall designate in box 14 that any and all amounts paid are "Gross proceeds paid to an attorney." The Remaining Plaintiffs agree to hold Releasees harmless, and indemnify Releasees from any payments Releasees may be required to make to any taxing authority resulting from the payment of the Settlement Amount, the issuance of a

form 1099, or as a result of the Remaining Plaintiffs' failure to pay any taxes related to said income.

4. The release given by the Remaining Plaintiffs herein shall become fully effective and binding execution of a fully-signed agreement, and upon the Court's approval of this settlement and endorsement of the Stipulation of Dismissal.

5. Remaining Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Defendants and Releasees, both individually and in their/its official capacities, that concern violations or allegations of retaliation or unpaid compensation (including minimum wage, late payment, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Remaining Plaintiffs under the FLSA, the NYLL, or any other law, regulation, or ordinance regulating the payment of wages. In the event any such complaints, charges, lawsuits, claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of the Remaining Plaintiffs, the Remaining Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Should Remaining Plaintiffs (or any one of them) file a charge against Defendants, asserting any claim released herein, with any agency, or cooperate with an investigation with any agency, Remaining Plaintiffs acknowledge that this Agreement shall bar them from receiving monetary compensation in connection therewith.

6. Remaining Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement from Defendants. Remaining Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

7. Remaining Plaintiffs acknowledge that, upon payment by Defendants of all the sums payable under this Agreement, they have been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

8. Although nothing prohibits any Remaining Plaintiff from seeking future employment with OHR and/or Met Council, the Remaining Plaintiffs understand and agree that OHR's and/or Met Council's decision not to extend any future offer of employment to any Remaining Plaintiff shall not constitute unlawful retaliation in violation of the FLSA, the NYLL, or any other statute or any other law, regulation, or ordinance regulating the payment of wages and prohibiting retaliation in response to complaints regarding same, for having participated in the Action.

9. Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Defendants or Releasees, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort. Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding against Defendants or Releasees for any

purpose, unless required by law. Provided, however, that this paragraph shall not limit, obstruct or otherwise impede Remaining Plaintiffs from enforcing this Agreement.

10. The Parties agree that, in an action arising from any alleged breach by any party of the Agreement, the prevailing party will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should any party threaten to breach this Agreement, such party understands that such breach or threatened breach can cause irreparable harm, thereby warranting injunctive relief, subject to the approval of the Court. In that event, the non-breaching party will be entitled to an injunction, subject to the approval of the Court, with no posting requirement. The breaching party shall be liable for all costs and fees associated with securing the appropriate injunctive relief.

11. Plaintiffs acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or an admission by Defendants that Remaining Plaintiffs' claims have merit. In fact, Remaining Plaintiffs acknowledge that Defendants explicitly refute and deny any claims of wrongdoing.

12. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

13. Remaining Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Remaining Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Remaining Plaintiffs

acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by them or on their behalf.

14. Remaining Plaintiffs and Defendants are competent to enter into this Agreement. Remaining Plaintiffs and Defendants are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Remaining Plaintiffs and Defendants are not a party (or parties) to any bankruptcy, lien, creditor-debtor or other proceeding which would impair their right to settle all claims, and to release any claims to the extent any such release is given herein, both known and unknown, pursuant to this Agreement and/or to fulfill their obligations hereunder.

15. All parties confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants and/or Remaining Plaintiffs to execute this Agreement.

16. This Agreement constitutes the entire agreement between the Parties with respect to the settlement of the Action and the release of Remaining Plaintiffs' claims contained herein.

17. It is expressly understood and agreed, and Remaining Plaintiffs further covenant and agree that any and all Medicare, Social Security, hospital, medical insurance coverage subrogation claims and/or any and all other type of liens or interest that is and/or could be claimed by any person and/or entity, will be fully paid, satisfied and released from the settlement proceeds paid herein, in trust, unless and until such time as said liens and/or claims have been fully paid, satisfied or released.

18. In this regard, Remaining Plaintiffs (and each one of them individually) agree to indemnify and hold harmless Releasees, their insurance carriers, their attorneys and all others

in privity with them, from any claim by, through and/or under Remaining Plaintiffs (and each one of them individually) including, but not limited to, any direct claim by Medicare and/or Social Security for reimbursement of any funds paid by them relating to any alleged injuries resulting from the claims asserted in the Action, or as a result of any claim released herein. Provided, however, that no Plaintiff shall under any circumstance be obligated to indemnify and/or hold harmless Releasees for any sum above and beyond the amount that he or she is individually receiving pursuant to this Agreement.

19. Remaining Plaintiffs (and each one of them individually) covenant that they do not presently anticipate that they will require medical and/or health care treatment for the injuries and/or conditions related and/or arising from any claim asserted in the Complaint.

20. The Parties agree that they shall execute, or cause their counsel to execute, any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal annexed hereto as "Exhibit 2."

21. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

22. This Agreement may only be modified, altered or changed in writing, signed by the Parties and approved by the Court.

23. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The United States District Court for the Eastern District of New York shall retain jurisdiction to enforce this Agreement.

24. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Kevin J. O'Connor, Esq. and Joseph Vento, Esq., Peckar & Abramson, P.C., 70 Grand Avenue, River Edge, New Jersey 07661; (201) 343-3434; facsimile (201) 343-6306; KOConnor@pecklaw.com and jvento@pecklaw.com, and counsel for Plaintiffs, David C. Wims, Esq., Law Office of David Wims, 1430 Pitkin Avenue, 2d Floor, Brooklyn, NY 11233; (646) 393-9550; facsimile (646) 393-9552; dwims@wimslaw.com.

25. Remaining Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement prior to their execution of the same. Remaining Plaintiffs further represent that they have been provided the opportunity to review this Agreement. Remaining Plaintiffs fully understand all of the provisions of this Agreement and are executing same freely and voluntarily.

**IN WITNESS WHEREOF**, Remaining Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

______________________________________
PROJECT O.H.R. (OFFICE FOR HOMECARE REFERRAL), INC.
By:
Title:
Date:

________________________________________

METROPOLITAN NEW YORK COORDINATING COUNCIL ON JEWISH POVERTY
By:
Title:
Date:

________________________________________

D'VORAH KOHN
Date:

**[INTENTIONALLY LEFT BLANK]**

DAVID C. WIMS, ESQ.
As to Paragraph 1 Only
Date:

MARIE AFREH

Date of Birth
08-19-53

Address
1028 NEW YORK AV
APT D3 BROOKLYN NY 11203

STATE OF NEW YORK }
}S.S.
COUNTY OF Kings }

On 4/30, 2018, before me personally came MARIE AFREH, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

DAVID C. WIMS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02WI6107747
Qualified in Kings County
Commission Expires August 18, 2020

BARNO AKHTAMOVA

Date of Birth
04/03/1962

Address
2245 Ocean Pkwy #4E
Brooklyn, NY, 11223

STATE OF NEW YORK }
} S.S.
COUNTY OF Kings }

On 4/27, 2018 before me personally came BARNO AKHTAMOVA, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

DAVID C. WIMS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02WI6107747
Qualified in Kings County
Commission Expires August 18, 2020

Bettyanne Alexander
BETTYANNE ALEXANDER

Date of Birth
4/ 6/ 70

Address
227 Linden Blvd 2B
Brooklyn NY 11226

STATE OF NEW YORK }
}S.S.
COUNTY OF Kings }

On 5/1, 2018 before me personally came BETTYANNE ALEXANDER, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

DAVID C. WIMS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02WI6107747
Qualified in Kings County
Commission Expires August 16, 2018 20

Gerda Antoine
GERDA ANTOINE

Date of Birth
05-06-1960

Address
95 WarWick Rd
Elmont NY 11003

STATE OF NEW YORK }
}S.S.
COUNTY OF Kings }

On 4/27, 2018 before me personally came GERDA ANTOINE, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

[signature]
NOTARY PUBLIC

DAVID C. WIMS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02WI6107747
Qualified in Kings County
Commission Expires August 18, 2020

A.A.

ALMA ARIZA

Date of Birth

09-20-73

Address

3816 16 AVE
BROOKLYN N.Y 11218

STATE OF NEW YORK }
}S.S.
COUNTY OF Kings }

On 4/30, 2018, before me personally came ALMA ARIZA, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

DAVID C. W[illegible]
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. [illegible]
Qualified in Kings County
Commission Expires August [illegible] 20